No. 13,458.

JABOT v. INDUSTRIAL COMMISSION ET AL.
(30 P. [2d] 871)

Decided March 5, 1934.

Mr. FRED S. CALDWELL, for plaintiff in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. FRANK C. WEST, for defendants in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a summary review of a claim under the Workmen's Compensation Act of Colorado. The claim was disallowed, except as to medical expenses which were awarded in accordance with the employer's medical plan adopted with the approval of the Industrial Commission. The claimant took the case to the district court, which affirmed the decision of the commission.

The commission, through its referee, took evidence and found that the accident in question occurred on November 8, 1932; that the claimant did not leave work until February 6, 1933; that temporary total disability terminated June 1, 1933, that there was no permanent disability; that the notice prescribed by section 31 of the Act (C. L. '21, §4405) was not given to the employer until some weeks after he left his work; and that the claimant must be penalized one day's compensation for each day's failure to report his accident, as a result of which penalty the claimant was entitled to no compensation beyond that for medical expenses. An award was made accordingly.

The aforesaid penalizing section is as follows: "Every employe who sustains an injury shall notify his employer of said injury within two days of its occurrence, unless said employe shall be physically or mentally unable to do so, or unless his employer or his foreman, superintendent, manager or other person in charge shall have actual notice of said injury. If said employe shall fail to report said injury he shall lose one day's compensation for each day's failure to so report; provided, however, that if anyone shall report the said accident for said injured employe within the time above specified, to his employer, then the injured employe shall be relieved from reporting the accident as provided above."

As to the alleged accident, injury and disability, the evidence was conflicting and we are not at liberty to interfere with the conclusions reached thereon by the commission. As to the penalty, there was no evidence that would bring the claimant within any exception of the above statutory provision. This is couched in clear language, and the commission properly held that it must be enforced. The judgment of the district court affirming the commission's award is therefore affirmed.

Judgment affirmed.

Mr. Chief Justice Adams and Mr. Justice Butler concur.