John SMITH, the Industrial Commission of the State of Colorado, and the Director of the Division of Labor, Petitioners,

v.

MYRON STRATTON HOME, Respondent.

No. 82SC302.

Supreme Court of Colorado, En Banc.

Feb. 27, 1984.

---

Trott, Kunstle & Hughes, Dan S. Hughes, Colorado Springs, for petitioner John Smith.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for petitioners Industrial Commission of the State of Colorado and Director of Division of Labor.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for respondent.

LOHR, Justice.

John Smith filed worker's compensation claims for injuries sustained by him in December 1974, January 1976, and September 1976 in the course of his employment. The Industrial Commission held that Smith was temporarily totally disabled by each of the three injuries, and permanently partially disabled by the third alone. Although it held the employer, Myron Stratton Home, liable for all three injuries, it took note of the fact that Smith had been paid during his absences from work after the first two injuries, and did not order any additional compensation for those injuries. It levied a penalty on the employer for failing to notify Smith and the Division of Labor after each injury whether liability was admitted or contested. The employer disputed the applicability of the penalty to the first two injuries. The Colorado Court of Appeals reversed the Industrial Commission's order because in the court's view Smith was not "successful in his claim for compensation" for the first two injuries, a condition to imposition of a penalty under section 8–53–102(2), C.R.S.1973. We reverse the judgment of the court of appeals, and reinstate the order of the Industrial Commission.

## I.

Smith, a carpenter, was first injured on December 19, 1974, when he fell off a stepladder. He injured his right shoulder, right hip and leg, and groin as a result of that fall. According to Smith's testimony, after the incident he was hospitalized for seven days, and absent from work for one month to six weeks. He continued to receive wages during his absence. The employer filed an accident report with the Division of Labor as required by section 8–52–105(1), C.R.S.1973. However, the employer did not inform Smith or the Division of Labor at that time whether liability was admitted or contested, as required by section 8–53–102, C.R.S.1973.

Smith was injured again on January 20, 1976, when he sustained a torn muscle in his right shoulder while reaching over his head to cut a water pipe. He was absent from work for three weeks, with pay. The employer filed an accident report, but again failed to inform Smith and the Division of Labor whether liability was admitted or contested.

On September 1, 1976, Smith injured his right shoulder a third time, tearing the rotator cuff while pulling up carpeting. On October 8, 1976, after Smith informed his employer that surgery was recommended, the employer discharged him. The employer did not file an accident report and again failed to give notice whether liability was admitted or contested.

On October 22, 1976, Smith filed a claim with the Division of Labor for the first injury. See section 8–53–103, C.R.S.1973 (1983 Supp.). The employer denied liability on December 7, 1976. During testimony at a hearing ·on this claim on January 18, 1977, Smith referred to the two subsequent injuries. By suggesting that the injury to Smith's right shoulder predated his hiring, the employer, in effect, contested liability for the subsequent injuries at the time of that hearing, as the Industrial Commission later ruled. Smith signed claims for the latter injuries on March 24, 1977, and later filed them with the Division of Labor. Thereafter, a second hearing was held.

On April 3, 1978, a Division of Labor referee held that Smith was temporarily totally disabled, but not permanently disabled, by each of the first two injuries. Compensation had been paid by the employer as wages, and no medical benefits were due. The referee ruled that the third inju-

ry caused temporary total disability for almost eight months, and permanent thirty-five percent disability of the right arm. This entitled Smith to compensation for the period of temporary total disability, plus $6,115.20 for the permanent partial disability. The referee also levied a penalty of $8,601.64 for the employer's failure to admit or contest liability for the first injury, which occurred in December 1974, until December 1976.[1] On petition for administrative review, the Industrial Commission modified the referee's order by assessing penalties for all three injuries. The employer admitted liability for the penalty associated with the third injury, but appealed the penalties for the first two injuries, which totaled $11,974.40. The court of appeals reversed the Industrial Commission. *Myron Stratton Home v. Smith,* 656 P.2d 40 (Colo.App.1982). We granted certiorari.

## II.

Under section 8–53–102(1), C.R.S. 1973, "[t]he employer ... shall notify in writing the division and the injured employee ... within twenty-five days after knowledge of an injury to an employee, whether liability is admitted or contested."[2] The penalty for failure to notify is set forth in section 8–53–102(2), C.R.S.1973: "If such notice is not filed as provided in subsection (1) of this section, the employer ... shall become liable to the claimant, if successful in his claim for compensation, for one day's compensation for each day's failure to so notify." This penalty is mandatory; the referee, the Industrial Commission and the

courts are given no discretion in its application. *Melnick v. Industrial Commission,* 656 P.2d 1318 (Colo.App.1982). The only question to be resolved is whether the facts of this case fall within the scope of the statute.

The employer asserts that because the Industrial Commission did not order any additional compensation or benefits for the first two injuries beyond what Smith had already received, he was not "successful in his claim for compensation." *See* section 8–53–102(2).[3] Smith and the Industrial Commission reply that he was indeed successful because he established his employer's liability and the concomitant right to compensation; in their view whether he received this compensation before or after adjudication is irrelevant. Under the employer's interpretation, the penalty for failure to comply with the notice requirement is limited to cases where this delays the claimant's recovery. In contrast, under the Industrial Commission's interpretation the penalty extends to all cases where subsequent adjudication establishes that there was, in fact, liability for the employer to admit or contest.

Section 8–53–102(2) is subject to either interpretation. We must choose the construction that best effectuates the purposes of the legislative scheme. *See Conrad v. City of Thornton,* 36 Colo.App. 22, 536 P.2d 855 (1975), *rev'd on other grounds,* 191 Colo. 444, 553 P.2d 822 (1976). We hold that the construction upholding the penalties assessed here accomplishes that objective.

---

1. The employer does not assert that Smith delayed filing a claim in order to increase the penalty associated with the employer's failure to admit or contest liability.

2. Originally excluded from this provision were injuries causing temporary disability for seven days or less for which medical attention was afforded at the expense of the employer if required; in 1975 this period was changed to three shifts or three calendar days. Colo.Sess. Laws 1975, ch. 71, § 8–53–102 at 306–07; *see* section 8–53–102(1), C.R.S.1973 (1983 Supp.). The notice provision in effect at the time of

injury is controlling. *See Public Service Co. of Colorado v. Industrial Commission,* 189 Colo. 153, 538 P.2d 430 (1975). It is undisputed that there was temporary disability of more than seven days for the 1974 injury, and temporary disability of more than three days for each of the two 1976 injuries.

3. This clause was unchanged by the 1975 amendment; references to this language in the original law are also references to the same language in the statute as amended.

■■ "The Workmen's Compensation Act is an acknowledgment by the state of a duty to aid the injured employees in securing compensation for their injuries ...." *Industrial Commission v. London Guarantee & Accident Co.*, 66 Colo. 575, 576, 185 P. 344, 345 (1919). Part of this duty is discharged by adoption of procedures to assure prompt payment of compensation to the injured worker. *Id.* at 578, 185 P. at 345; *see also Vargo v. Colorado Industrial Commission*, 626 P.2d 1164, 1166 (Colo. App.1981). An equally important part of this duty is discharged by creation of procedural safeguards to protect the injured worker *before* the employer's duty to make payment is established. Under Colorado's worker's compensation laws, the generally neutral rules applicable to the adjudicative process are shifted subtly in favor of solicitude for the rights of the injured worker. For instance, no settlement of a worker's compensation claim is final unless it has been approved by the Director of the Division of Labor or a hearing officer in writing. Section 8–53–105, C.R.S.1973 (1983 Supp.). At an earlier stage in the dispute, shortly after the injury, the employer is required to admit or contest liability in writing. Under section 8–53–102(2), C.R.S. 1973 (1983 Supp.), an admission of liability must be accompanied by compensation that continues, consistent with that admission, until a hearing is held. *Vargo v. Colorado Industrial Commission*, 626 P.2d 1164 (Colo.App.1981). An admission of liability plus payment of compensation has been taken as an "award" commencing the limited period during which modification of compensation can be requested. *Harlan v. Industrial Commission*, 167 Colo. 413, 447 P.2d 1009 (1968).

■■ Apart from its legal consequences, a notice of admission or contest of liability serves to make the injured worker aware that he is involved in a situation with legal ramifications. By Industrial Commission rule, an admission of liability must disclose that an employee who feels that he is entitled to more compensation may contest the admission, and must explain how to do so. Rule XI H 2, 7 CCR 1101–3 (1984). Practically speaking, denial of liability by the employer will alert the employee to the possible compensability of his injury in much the same way.

■■ The importance of alerting the employee to his rights is apparent from this very case. Smith failed to file claims for injuries that he believed entitled him to more compensation until after a subsequent permanently disabling injury occurred and dismissal followed. The employer, who now asserts that continuing to pay Smith's wages during his absence from work constituted "constructive" admission of liability, actually denied liability when Smith filed his first claim. What the employer describes as generosity in paying Smith his wages promptly and conveniently can also be interpreted as a desire to stave off adjudication. *Cf. Industrial Commission v. Continental Investment Co.*, 85 Colo. 475, 277 P. 303 (1929) (employer could not be heavily penalized for delay motivated solely by good faith assertion of right of review). As the referee noted, a claimant can easily be misled when a self-insured employer fails to admit or deny liability, but continues to pay wages. The employer should not be able to circumvent statutorily mandated claims procedures by voluntarily paying wages even though the wages may be equal to or greater than appropriate temporary total disability benefits.

To ensure just resolution of worker's compensation claims, notice of admission or contest of liability is prescribed by statute for all injuries except those causing only temporary total disability of three days or less. We are persuaded that the penalty provision has the same scope, unless the employer is ultimately held not liable. The legislature could have excluded from the notice requirement injuries resulting in no lost wages, but it did not. We will not do so under the guise of statutory construction.

The employer is required to give notice concerning liability not only to the employee, but to the Division of Labor as well. This, like the settlement provision of section 8–53–105, C.R.S.1973 (1983 Supp.), allows the state to exercise some guardianship over the injured employee's claim. In addition, it provides the state with liability information for all work-related injuries causing more than three days' disability. This aids the Director of the Division of Labor in carrying out his mandated duties to supervise the enforcement of workplace health and safety laws, collect statistical information relating to his jurisdiction, and report to the governor and the legislature on the discharge of his responsibilities. Section 8–1–107(2), C.R.S.1973 (1983 Supp.). Injuries without loss of pay are not excluded from these mandates. The Industrial Commission specifically referred to the employer's failure to notify the Division of Labor in justifying the penalties here.

While this court has never before been called upon to determine what constitutes success in a claim for compensation under section 8–53–102(2), it has said that for statute of limitations purposes the payment of wages during absence from work following a work-related injury is legally equivalent to compensation, if so intended by employer and employee. *Stauss v. Industrial Commission*, 144 Colo. 288, 355 P.2d 1076 (1960); *Pacific Employers Insurance Co. v. Industrial Commission*, 127 Colo. 400, 257 P.2d 404 (1953); *see Royal Indemnity Co. v. Industrial Commission*, 88 Colo. 113, 293 P. 342 (1930). We have strictly construed a similar penalty provision against an employee who failed to give timely notice of his injury to

his employer. *Jabot v. Industrial Commission*, 94 Colo. 424, 30 P.2d 871 (1934). In an analogous situation, the original Court of Appeals of Colorado held that a plaintiff who recovered $1200 for breach of an employment contract subject to a $1200 offset for mitigation of damages was a prevailing party who was entitled to recover costs. *Ryan v. Mineral County High School District*, 27 Colo.App. 63, 146 P. 792 (1915). We now hold that by establishing the employer's liability, Smith was "successful in his claim for compensation" within the meaning of section 8–53–102(2), notwithstanding that no additional compensation was payable as a result of that liability.[4]

The judgment of the court of appeals is reversed and the cause is remanded to the court of appeals for reinstatement of the final order of the Industrial Commission.

---

4. The result we reach here is based upon a legal conclusion drawn from undisputed facts, and therefore is a question of law subject to full appellate review within the scope of judicial review established by section 8–53–120, C.R.S. 1973 (1983 Supp.). *See Dorsch v. Industrial Commission*, 185 Colo. 219, 221–222, 523 P.2d 458, 459 (1974). It is consistent with the Industrial Commission's construction of section 8–53–

102(2), and so derives further support from the principle that, where the statute is capable of more than one interpretation, "construction of a statute by administrative officials charged with its enforcement shall be given great deference by the courts." *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 282, 552 P.2d 300, 303 (1976).