Sheila Ann HANSON, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Colorado; International Business Machines, and Liberty Mutual Insurance Company, Respondents.

INTERNATIONAL BUSINESS MA-CHINES and Liberty Mutual Insurance Company, Petitioners,

v.

The INDUSTRIAL COMMISSION of the State of Colorado; Director, Department of Labor and Employment; Division of Labor, State of Colorado; and Sheila Ann Hanson, Respondents.

Nos. 85CA0280, 85CA0289.

Colorado Court of Appeals, Div. I.

Jan. 2, 1986.

Rehearings Denied Feb. 13, 1986.

Vernon P. Playton, Denver, for Sheila Ann Hanson.

Zarlengo, Mott, Zarlengo & Winbourn, Lynn P. Lyon, Denver, for International Business Machines and Liberty Mut. Ins. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Laura E. Udis, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director, Dept. of Labor and Employment, Div. of Labor.

KELLY, Judge.

In this workmen's compensation case, claimant, Sheila Ann Hanson, her employer, International Business Machines (IBM) and its insurer, Liberty Mutual Insurance Company (Liberty), seek review of a final order of the Industrial Commission assessing a penalty against IBM and Liberty (respondents) for failing to admit or deny liability in a timely manner. The issues before us concern the dates of commencement and termination of the penalty period under § 8–53–102(1), C.R.S. We affirm in part and set aside the order in part.

Claimant suffered a compensable injury on January 29, 1975, when she contracted contact dermatitis. In the employer's first report of the accident, dated June 4, 1975, employer answered "no" to the question, "Was employee unable to continue work due to accident/exposure?" Yet, the first report also stated that claimant was off work from March 6 until May 22, 1975. Claimant filed her claim for compensation on January 13, 1976. By letter dated January 19, 1976, the Division of Labor informed Liberty that it had fifteen days to admit or deny liability. Neither an admission nor a denial was filed.

By notice dated February 24, 1976, the parties were informed that a hearing had been set for March 10, 1976, to determine compensability and disability benefits. By letter dated March 1, 1976, claimant's attorney requested that the hearing be vacated to be reset "upon request at some time in the future." The continuance was requested "because the medical proof concerning causation and effects will not be available for some appreciable time." The letter further indicated that claimant had been receiving her salary and most medical expenses had been paid. The March 10 hearing was then vacated.

On November 4, 1982, claimant, through her present attorney, requested that a hearing be set to determine, among other things, the issues of compensability, benefits, and penalties for failing to admit or deny liability. A hearing was set for February 1, 1983, but was vacated at respondents' request. A hearing was finally conducted on May 3, 1983.

Following the hearing, the hearing officer entered an order awarding claimant $109.20 in temporary total disability benefits, such amount representing seven days of compensation at the rate of $15.60 per day. Claimant was also awarded $1,043.43 on account of one percent permanent partial disability. Respondents were also ordered to pay $48,360 to claimant as a penalty for failing to admit or deny liability. The hearing officer determined that claimant was entitled to $15.60 per day for each day that respondents had failed to admit or deny liability and that the penalty period ran from February 4, 1976 (fifteen days from the January 19, 1976 notification) to July 31, 1984, the date the hearing officer directed claimant's attorney to prepare an order.

Respondents petitioned for review. They conceded that some penalty should be awarded. It was their position that "the penalty should run from February 4, 1976 through March 10, 1976, the date the first hearing was scheduled."

The Commission affirmed the award of temporary total and permanent partial disability benefits. However, the Commission modified the amount of the penalty. The Commission determined that under § 8–53–102(1), C.R.S., the insurer had twenty-five days within which to admit or deny liability. Accordingly, it ruled that the penalty period had commenced February 14, 1976. The Commission further determined the end of the penalty period by application of the statement in *Smith v. Myron Stratton*

*Home,* 676 P.2d 1196 (Colo.1984) that: "[W]here it is fully revealed at a hearing that a claim is admitted or contested, such constitutes sufficient notice to fulfill the requirements of section 8–53–102(1)." The Commission thus held that the penalty period ceased on May 3, 1983, resulting in a penalty of $41,121.60. Both claimant and respondents petitioned for review of the Commission's order.

## I.

On review, claimant asserts that the Commission erred in modifying the hearing officer's order so that the penalty period commenced on February 14, 1976, rather than February 4, 1976. We agree.

Section 8–53–102(1), C.R.S., in effect at the pertinent time, provided:

> "The employer or, if insured, his insurance carrier shall notify in writing the division and the injured employee ... within twenty-five days after notice or knowledge of an injury to an employee which disables said employee for more than three shifts or three calendar days ... whether liability is admitted or contested.... *Where the employer's report of injury shows that the employee is temporarily disabled for three days or less and medical attention ... has been afforded at the expense of the employer or the insurance carrier, then no admission or denial of liability need be filed until the employer or, if insured, his insurance carrier has knowledge of or notice of claim for compensation benefits and then within fifteen days of such knowledge or notice.*" Colo.Sess.Laws 1975, ch. 71 at 306. (emphasis added)

 Here, the employer's first report of the accident, while somewhat confusing, did state that claimant was not unable to continue work because of the accident or exposure. The report further indicated that claimant had received medical treatment. The hearing officer found that, although IBM's medical records indicated that Liberty was advised of claimant's injury by September 4, 1975, the records did not establish that Liberty was advised that claimant had suffered temporary disability or permanent disability.

Based on the foregoing, the second clause of § 8–53–102(1) was applicable and an admission or denial of liability had to be filed within fifteen days of notice that a claim had been filed. Indeed, had the employer's first report of accident shown that claimant was disabled for more than three days, Liberty would have had to file an admission or denial within twenty-five days of receipt of the June 4, 1975, first report. Accordingly, the Commission erred in finding that the penalty period did not commence until February 14, 1976, and the hearing officer correctly determined that the penalty period commenced February 4, 1976.

## II.

Claimant and respondents contest the Commission's determination concerning termination of the penalty period. Respondents contend that the penalty should terminate no later than March 1976 when the first scheduled hearing was vacated. Claimant contends that because of respondents' failure to file a written admission or denial of liability, the penalty did not terminate until the hearing officer directed claimant's attorney to prepare an order favorable to claimant, *i.e.,* July 31, 1984. We affirm the Commission's determination that the penalty period ceased on May 3, 1983.

In *Smith v. Myron Stratton Home, supra,* our Supreme Court examined imposition of a penalty for failure to comply with the admission or denial requirement of the first clause of § 8–53–102(1). The court held that requiring a timely admission or denial of liability following knowledge of an injury to an employee fulfills a number of goals: it serves "to protect the injured worker *before* the employer's duty to make payment is established" (emphasis in original); it serves to alert the employee that he is involved in a situation with legal ramifications; and it provides the Director of the Division of Labor with information to assist him in fulfilling his statutorily mandated

duties. These goals apply with equal force to the admission or denial requirement of the second clause of § 8–53–102(1).

By requiring a timely admission or denial of liability following the filing of a claim, the parties' positions are clarified. A claimant will know promptly whether he will begin receiving compensation for his injuries or whether he needs to prepare for full-fledged litigation. In addition, the admission or denial provides necessary information to the Division of Labor.

### A.

Initially, we reject claimant's assertion that the Commission exceeded its authority in holding that the penalty period terminated on May 3, 1983. Claimant argues that respondents, in their petition to review the hearing officer's order, took the position that the penalty period should terminate March 10, 1976, and that none of the parties had indicated that the hearing officer erred in not establishing May 3, 1983, as the termination date. Claimant thus asserts that the Commission exceeded its authority by not limiting its review "to the issues raised in the petition to review" as required by § 8–53–111(7), C.R.S. (1985 Cum.Supp.). We disagree.

■ The issue raised by respondents' petition to review concerned the determination of the appropriate termination date. While respondents understandably argued for the earliest possible termination date, it was unquestionably within the Commission's authority to make the ultimate conclusion concerning the appropriate termination date under the law.

We also reject claimant's contention that the penalty period did not terminate until July 31, 1984. In *Smith v. Myron Stratton Home, supra,* claimant suffered three industrial injuries to his right shoulder. Although the employer eventually denied liability for the first injury, it failed timely to admit or deny liability as to the second and third injuries. At a hearing held concerning claimant's claim for his first injury, claimant referred to his two subsequent injuries and the employer asserted that claimant's injury to his right shoulder predated his hiring. The Industrial Commission held that employer, by its assertion, in effect contested liability for the subsequent injuries at the time of that hearing. Accordingly, the Commission held that the penalty period for the second and third injuries terminated as of the date of the hearing. *See Myron Stratton Home v. Smith,* 656 P.2d 40 (Colo.App.1982). The Supreme Court did not disturb the Commission's finding regarding the end of the penalty period.

■ Section 8–53–102 requires an admission or denial of liability in writing and imposes penalties for the failure to admit or deny. Where an employer or insurer admits or denies liability on the record, albeit not in writing, the goals of § 8–53–102 are substantially fulfilled, and it would exalt form over substance to allow the penalty period to run beyond that date. Accordingly, we hold, as the Supreme Court tacitly did in *Smith v. Myron Stratton Home, supra,* that admission or denial on the record, albeit not in writing, is sufficient to terminate running of the penalty period.

■ Here, it was not until the May 3, 1983, hearing that respondents admitted or denied liability on the record. At that hearing they admitted liability for claimant's dermatitis in 1975, but denied any responsibility for any dermatitis condition that claimant still had. Accordingly, we hold that the penalty period terminated on May 3, 1983.

### B.

■ We also reject respondents' contention that the penalty period terminated prior to May 3, 1983. Respondents assert that, had the March 10, 1976, hearing been held as scheduled, the claim would have been deemed denied at that time. However, it would be speculation to consider

what might have happened at that hearing had it been held.

According to the record, the March 1976 hearing apparently was set by the Division of Labor. Although not raised as an issue by respondents, we note that a second hearing, set upon claimant's request for February 1, 1983, was cancelled upon respondents' request.

We decline to ascribe any particular legal significance to the setting or cancellation of a hearing. The purpose of the Workmen's Compensation Act is to provide a method whereby claims arising out of industrial injuries may be speedily resolved. *Industrial Commission v. Globe Indemnity Co.*, 145 Colo. 453, 358 P.2d 885 (1961). Until an employer or its insurer clearly admits or denies liability on the record, an injured employee is left in a state of legal limbo concerning the compensability of his injuries. Only with clear knowledge whether liability for his injuries is wholly admitted, partially admitted, or wholly denied, may an injured employee proceed in a reasoned and expeditious fashion. To allow the employer and its insurer to keep their positions concealed, even though a hearing has been set, frustrates the very purpose of the Workmen's Compensation Act and the goals of § 8–53–102.

Finally, we reject respondents' assertion that imposition of a penalty in excess of $40,000 unjustly rewards claimant for undue delay she caused herself. While it is true that there was an inordinate delay by claimant in prosecuting this claim, the fact remains that respondents did not comply with their statutorily mandated duty, nor did they take any action to force this matter to an earlier resolution.

The order of the Commission is affirmed in part, set aside in part, and the matter is remanded to the Commission for calculation and imposition of a penalty consistent with the views expressed herein.

PIERCE and BABCOCK, JJ., concur.