EASTMAN KODAK
COMPANY, Petitioner,

v.

The INDUSTRIAL COMMISSION OF the
STATE OF COLORADO; Director, De-
partment of Labor and Employment,
Division of Labor, State of Colorado;
Rita Pankey, Respondents.

No. 85CA0510.

Colorado Court of Appeals,
Div. II.

May 29, 1986.

Rehearing Denied June 26, 1986.

Certiorari Denied Sept. 2, 1986.

Sherman & Howard, Lee Dale, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Karen Maldonado, Asst. Atty. Gen., Denver, for respondents Industrial Com'n and Director, Dept. of Labor and Employment, Div. of Labor, State of Colo.

Douglas R. Phillips, P.C., Douglas R. Phillips, Denver, for respondent Rita Pankey.

VAN CISE, Judge.

Employer, Eastman Kodak Company, seeks review of an order of the Industrial Commission awarding claimant, Rita Pankey, permanent partial disability benefits and assessing a penalty against it for failing timely to admit or deny liability. We

affirm the order in part and set aside in part.

Claimant sustained two back injuries while working for the employer, the first occurring in 1979 and the second in July of 1982. The employer admitted liability for the first injury and claimant was paid temporary partial, temporary total, and five percent permanent partial disability benefits. After undergoing surgery in 1980, claimant returned to work for the employer.

In July 1982, claimant was assigned heavier job duties and, by July 22, her back was hurting so badly that she could no longer go to work. She reported her condition to the employer and was referred by the employer's medical department to a neurosurgeon. She was then diagnosed as suffering from herniated nucleus pulposus which required a laminectomy and decompression.

On September 26, 1982, the employer filed a special admission of liability in the original workmen's compensation proceeding which, in addition to the liability previously admitted, included additional temporary total disability benefits for the July 1982 incident. On November 23, 1983, claimant filed a new claim for compensation based on the July 1982 injury, alleging that the repetitive and continuous lifting on the job had aggravated her back condition causing a disc injury.

The Commission concluded that claimant's July 1982 injury was a new injury and not a continuation of the 1979 injury, and awarded her temporary total and ten percent permanent partial disability benefits. The employer was also ordered to pay $24,520 to claimant as a penalty for failing timely to admit or deny liability in this new claim proceeding. The hearing officer determined that claimant was entitled to $40.53 per day for each day that employer failed to admit or deny liability, and that the penalty period ran from August 16, 1982 (25 days from the July 22, 1982 notification) to April 11, 1984, the date of the hearing.

I.

On review, the employer first contends that the Commission erred in interpreting § 8–53–102(2), C.R.S. (1985 Cum. Supp.) to authorize assessment of a penalty against an employer in addition to requiring the employer to pay compensation to. a claimant. We disagree.

Section 8–53–102(1), C.R.S. (1985 Cum. Supp.) states:

"[T]he employer ... shall notify in writing the division and the injured employee ... within twenty-five days after notice or knowledge of an injury to an employee ... whether liability is admitted or contested."

Section 8–53–102(2), C.R.S. (1985 Cum. Supp.) provides:

"[I]f such notice is not filed as provided in subsection (1) of this section, the employer ... shall become liable to the claimant, if successful in his claim for compensation, for one day's compensation for each day's failure to so notify."

Section 8–53–102(2) has been uniformly interpreted as requiring payment of a penalty in addition to payment of compensation. *See Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984); *Hanson v. Industrial Commission,* 716 P.2d 477 (Colo. App.1986). This interpretation is in accordance with the plain meaning of the statutory language and is necessary to effectuate the legislative intent that employers be required timely to file admissions or denials of liability. Therefore, we reject the construction urged by employer and hold that, if an employer has failed timely to admit or deny liability and the claimant is successful in his claim for compensation, § 8–53–102(2) mandates assessment of a penalty in addition to requiring payment of compensation.

II.

Employer next contends that the Commission erred in not determining that the penalty period ended on September 26, 1982, which was the date the employer filed its admission of liability in the original

claim and admitted additional temporary total disability for the July 1982 injury. We agree.

Where, at a hearing, an employer clearly denies liability on the record, this denial, albeit not in writing, is sufficient to terminate running of the penalty period because this denial substantially fulfills the goals of § 8–53–102. *Hanson v. Industrial Commission, supra.*

Here, the September 26, 1982, admission of liability substantially fulfilled the goals of § 8–53–102; hence, it was likewise sufficient to terminate the running of the penalty period. This admission, even though filed in the previous proceeding, informed the claimant and the Director of the Division of Labor that the employer considered claimant's condition to be a continuation of the 1979 injury and that the employer was only admitting liability for additional periods of temporary disability. Claimant was further alerted that her failure to contest this admission would result in its becoming a final order. As in *Hanson v. Industrial Commission, supra,* it would exalt form over substance to allow the penalty period to run beyond the date of this admission.

Under circumstances such as occurred here, the classification of a subsequent "injury" as merely a worsening of condition justifying a reopening or as a new injury is one of fact to be made by the hearing officer or Commission long after the admission or denial deadlines of § 8–53–102 have passed. To hold that the penalty period continued to run after the September 26, 1982, admission of liability would unfairly penalize the employer for reasonable actions it took based upon its initial classification of claimant's subsequent back injury as a worsening of claimant's first back injury.

Here, the subsequent injury occurred on July 22, 1982, and the admission was due by August 16, 1982. Therefore, the liability for a penalty ran from that latter date until September 26, 1982, the date the admission was filed, and the Commission erred in assessing penalties beyond this date.

## III.

▮ Employer next contends that the facts do not support the Commission's findings that the July 1982 injury was a new injury and not a continuation or worsening of the 1979 injury. We disagree.

Contrary to employer's contention, there was substantial evidence supporting the Commission's finding. Claimant was able to return to work without any problems following the 1979 injury, and her 1982 symptoms differed significantly from those she had suffered following her 1979 injury. Although the evidence was susceptible of different interpretations, it was the Commission's prerogative to determine the probative effect of conflicting evidence. Where, as here, there is ample competent evidence supporting its findings they are binding on review. *See Eisnach v. Industrial Commission,* 633 P.2d 502 (Colo.App. 1981).

## IV.

▮ Finally, the employer contends that the hearing officer erred in awarding the claimant an additional ten percent permanent partial disability because the hearing officer failed to take into account the earlier permanent partial disability. It is employer's position that the five percent functional disability should have been credited or otherwise taken into account. We disagree.

The permanent partial disability benefits originally received by claimant were based upon the disability caused by the original compensable industrial accident. The second injury resulted in additional disability for which the additional permanent partial disability benefits were awarded.

The order of the Commission is affirmed in all respects except as to the period during which the employer was subject to a penalty assessment; the order is set aside in that respect, and the cause is remanded

for determination of the appropriate penalty in accordance with this opinion.

SMITH and SILVERSTEIN,* JJ., concur.