**PUBLIC SERVICE COMPANY OF COLORADO, Petitioner,**

v.

**Thomas L. BOATWRIGHT and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 87CA0119.**

Colorado Court of Appeals,
Div. I.

Nov. 25, 1987.

Rehearing Denied Dec. 24, 1987.
Certiorari Denied April 11, 1988.

Kelly, Stansfield & O'Donnell, Marla S. Petrini, Elizabeth A. Kohnen, Denver, for petitioner.

Richard T. Goold, Denver, for respondent Thomas L. Boatwright.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

ENOCH, Chief Judge.

Public Service Company of Colorado (petitioner) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed the assessment of a penalty for petitioner's failure timely to notify claimant that it admitted liability for his injury. We set aside the order and remand with directions.

Claimant sustained an industrial injury in December 1984. Petitioner admitted liability for temporary total disability benefits and timely filed a copy of the admission with the Division of Labor. Although pursuant to the admission, petitioner paid temporary total disability benefits to claimant, claimant testified that he did not receive actual notice of the admission until October 1985. As a result, a penalty of $12,684.34 was assessed against petitioner pursuant to § 8–53–102(2), C.R.S. (1986 Repl. Vol. 3B).

Petitioner asserts that the penalty should not have been imposed because it substantially complied with the notice requirement by paying claimant's benefits. Under the facts here, we agree.

In *Hanson v. Industrial Commission*, 716 P.2d 477 (Colo.App.1986), we held that despite the statutory requirement of written notice, the employer's oral notice recorded at a hearing substantially complied with statutory intent and was therefore sufficient. Here, claimant's admitted receipt of his benefits also constitutes substantial compliance.

In so holding we are not unmindful of *Smith v. Myron Stratton Home*, 676 P.2d 1196 (Colo.1984). In *Smith,* our supreme court held that the penalty was applicable even where, during a period of disability, an employer pays wages which are equal to or greater than a worker's entitlement to temporary total disability benefits. However, we find *Smith* to be factually distinguishable.

In *Smith* the employer failed to file an admission or denial with either the Division of Labor or the claimant. Instead, the employer simply continued to pay the claimant's wages. As a result, both the Division and the claimant were misled and deprived of the opportunity promptly to discharge their responsibilities concerning a potential claim.

Furthermore, the payment of the claimant's wages in *Smith* did not fulfill the intent of the notice requirement. First of all, the fact of payment was not communicated to the Division. It is even more significant that the payment did not communicate to claimant what would appear to be the obvious message, *i.e.*, that the employer was admitting liability for the injury. Indeed, the exact opposite eventually transpired. When the claimant later filed a claim for additional benefits he believed were owed him, the employer denied that an injury had arisen out of and in the course of employment. And, although the claim for additional benefits was ultimately denied, the supreme court noted that claimant had been placed in substantial jeopardy and even failed to file his claim until after he had suffered a subsequent injury and was terminated.

*None of these factors are present here.* The Division was properly alerted of petitioner's admission and claimant was constructively notified. The constructive notice was not misleading as petitioner did not retract its admission and claimant has never claimed that he was entitled to additional benefits. Rather, claimant concedes that he received all he was entitled to. It was not until claimant had returned to work for some eight months that he became aware of the possible imposition of a penalty and filed a delayed claim therefor.

Under these circumstances, we cannot condone the imposition of the penalty. The dangers of the failure to comply strictly with the notice requirement that are outlined in *Smith* simply were not extant here. Claimant has suffered absolutely no prejudice. The intent of the notice requirement was met here and the statute would be

severely compromised were claimant able to disavow the advisement clearly communicated by the constructive notice despite the fact that he was not misled or confused. Because of this resolution, we need not address petitioner's remaining contentions.

The order is set aside and the cause remanded with directions to dismiss the claim for penalties.

VAN CISE and STERNBERG, JJ., concur.