William B. DORRIS, Petitioner,

v.

GARDNER ZEMKE COMPANY, Maryland Casualty Company and The Industrial Claim Appeals Office of the State of Colorado, Respondents,

and

GARDNER ZEMKE COMPANY and Maryland Casualty Company, Petitioners,

v.

William B. DORRIS and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

Nos. 87CA1447, 87CA1462.

Colorado Court of Appeals, Div. III.

June 2, 1988.

Rehearing Denied June 30, 1988.

Certiorari Denied Nov. 28, 1988.

Jon C. Thomas, P.C., Jon C. Thomas, Colorado Springs, for William B. Dorris.

Halaby & McCrea, Bruce B. McCrea, Thomas L. Kanan, Denver, for Gardner Zemke Co. and Maryland Cas. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Angela M. Lujan, Asst. Atty. Gen., Denver, for The Industrial Claim Appeals Office of the State of Colo.

STERNBERG, Judge.

William B. Dorris (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which denied his claim for a penalty pursuant to § 8–53–102(2), C.R.S. (1987 Cum.Supp.) from December 7, 1985, until November 5, 1986. Gardner Zemke Company and Maryland Casualty Company (Gardner) cross-appeal that portion of the Panel's order which imposed a penalty pursuant to § 8–53–102(2) from October 5, 1984, until December 6, 1985. We affirm, but for reasons other than those given by the Panel. *See Skinner v. Industrial Commission,* 152 Colo. 97, 381 P.2d 253 (1963) (correct result reached for incorrect reasons should be affirmed).

I.

The denial of a penalty for the period from December 7 until November 5 was

correct. Although claimant did not receive Gardner's admission of liability until November 6, 1986, as of December 6, 1985, Gardner had substantially complied with the notice requirement of § 8–53–102(2). *See Public Service Co. v. Boatwright*, 749 P.2d 456 (Colo.App.1987); *Hanson v. Industrial Commission*, 716 P.2d 477 (Colo. App.1986).

On December 6, 1985, Gardner's admission was filed with the Division of Labor and a copy was mailed to claimant. Prior to filing the admission on December 6, claimant had received his temporary disability benefits in a timely fashion. The disability checks specified that they were workmen's compensation benefits as distinguished from claimant's regular paychecks. Moreover, Gardner did not subsequently change its position of admitting liability. *Cf. Smith v. Myron Stratton Home*, 676 P.2d 1196 (Colo.1984).

In short, claimant suffered absolutely no prejudice from the mere failure to receive the admission. As such, the relevant facts are indistinguishable from those in *Public Service Co. v. Boatwright, supra,* and as in *Boatwright,* we conclude the requested penalty is not appropriate.

## II.

■ We also find that portion of the Panel's order which imposed a penalty from October 5, 1984, to December 5, 1985, to be correct. Although the pertinent circumstances during this period are similar to those in *Boatwright* (wherein claimant received disability benefits in a timely fashion and employer did not later reverse its position), one crucial factor is absent. Here, Gardner's admission of liability was not filed with the Division of Labor until December 6, 1985, whereas in *Boatwright,* the admission had been timely filed with the Division. As a result of this omission, some of the major purposes of the admission of liability were not fulfilled. *See Smith v. Myron Stratton Home, supra* (notice to Division of Labor allows the state to exercise guardianship over claims, provides the state with liability information, and aids the Director in performing his mandated duties).

In *Boatright,* we concluded that claimant suffered no prejudice. However, because Gardner's admission of liability was not filed until December 6, 1985, we are unable to reach the same conclusion here.

■ We reject Gardner's contention that, pursuant to § 8–53–102(2), a penalty is inappropriate because claimant has not been successful in his claim for benefits. Gardner argues that since it has admitted liability and no proceedings were necessary to obtain benefits (excluding the penalty), this case does not fall under the definition of a successful claim set forth in *Smith v. Myron Stratton Home, supra* (claim is successful when employer's liability is established).

However, § 8–53–102(2) provides that a penalty is applicable if the claimant is successful in his *claim* as distinguished from *contested* claim, for compensation. We hold that in addition to the situation in *Smith,* a *claim* is also successful when an admission of liability is filed and that litigation on the merits of the claim need not be pursued to trigger the penalty.

The order is affirmed.

METZGER and HUME, JJ., concur.