Russell J. **STADLER,** Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Albertson's,** Respondents.

No. 90CA1205.

Colorado Court of Appeals, Div. II.

April 11, 1991.

Pepper and Rubin, P.C., Larry M. Snyder, Denver, for petitioner.

§ 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.* art. VI, § 5(3), and

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondent The Industrial Claim Appeals Office of the State of Colo.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Douglas A. Tabor, Denver, for respondent Albertson's.

Opinion by Judge RULAND.

Russell J. Stadler (claimant) seeks review of a final order of the Industrial Claim Appeals Panel determining that he was not entitled to workers' compensation benefits because his injuries were not sustained in the course and scope of his employment with Albertson's (employer). We affirm.

In his capacity as frozen foods manager, claimant was required to lift heavy containers. Claimant contends that, in August 1988, he began having back problems as a result of lifting at work and that he suffered an industrial back injury in September 1988 during a specific lifting incident. The Administrative Law Judge (ALJ) found that claimant's testimony was not credible in part because other evidence showed that claimant admitted to his co-workers that he was not injured at work. The ALJ, in finding that claimant's injury did not occur in the course and scope of employment, determined that the numerous inconsistencies and conflicts in the evidence warranted a denial of benefits. The Panel affirmed.

## I.

■ Claimant contends that the Panel erred in affirming the denial of benefits because conflicts in the evidence were not resolved, and because the findings of fact did not support the conclusion that claimant's injury was not compensable. We disagree.

In reviewing a workers' compensation case, this court may set aside an order when, among other reasons, conflicts in the evidence are not resolved or when the findings of fact do not support the order. Section 8–43–308, C.R.S. (1990 Cum.Supp.); *Hobbs v. Industrial Claim Appeals Office,* 804 P.2d 210 (Colo.App.1990).

First, we note that contrary to claimant's assertions, it is not "unrefuted" that claimant suffered an industrial injury in August 1988. The ALJ found that, in late July or early August 1988, claimant told his supervisor that the cold in the frozen food department was hurting his back. The ALJ also noted that claimant received chiropractic treatment in the early 1980's as a result of lifting problems while at work. However, these findings do not require a conclusion that claimant's injury was compensable.

Conversely, the ALJ made findings supporting a denial of benefits and implicitly found that claimant injured his back while at home. We agree with the Panel that this finding negates a conclusion that claimant sustained an occupational disease or an accidental injury prior to September 1988. Hence, we decline to disturb the Panel's order on review. *See Prestige Homes, Inc. v. Legouffe,* 658 P.2d 850 (Colo.1983).

## II.

■ Claimant contends also that employer's first report of injury should have been considered as an admission of liability, and therefore, a declaration against employer's interest. Claimant argues that because the employer must file a notice of injury for only compensable injuries, there was no reason for employer to file the report unless it was admitting liability. We are unpersuaded.

Section 8–43–103(1), C.R.S. (1990 Cum. Supp.) provides that notice of an injury, for which compensation and benefits are payable, shall be given by the employer within the specified time period. However, a separate mechanism for denying or admitting liability is set forth in § 8–43–203(1), C.R.S. (1990 Cum.Supp.). *See Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984).

Since these two statutes address the same subject matter, they must be construed together and, if possible, reconciled. *State v. Borquez,* 751 P.2d 639 (Colo.1988). Accordingly, we hold that filing the first report of injury cannot be deemed an ad-

mission of liability; otherwise, the statutory procedure for denying or admitting liability would be rendered superfluous.

This holding gains a common sense application here. The testimony of employer's witnesses reflects that employer's manager filed the first report of injury without regard to compensability. The decision to admit or deny liability was made later by the insurer once the facts necessary to make such a decision were compiled. Therefore, the Panel properly found that the ALJ was not bound to consider the first report of injury as an admission of liability.

The order is affirmed.

SMITH and JONES, JJ., concur.