SUBSEQUENT INJURY
FUND, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Thure Elmer Erickson, Deceased, Tonita Erickson, Climax Uranium, and Colorado Compensation Insurance Authority, Respondents.**

No. 92CA0370.

Colorado Court of Appeals,
Div. III.

March 11, 1993.

Rehearing Denied April 29, 1993.

Certiorari Denied Oct. 4, 1993.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Baird, Asst. Atty. Gen., Denver, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Alesia M. McCloud–Chan, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

No appearance for respondents Thure E. Erickson or Tonita Erickson.

Paul Tochtrop, Denver, for respondents Climax Uranium and Colorado Compensation Ins. Authority.

Opinion by Judge SMITH.*

■ The Subsequent Injury Fund (Fund) seeks review of the final order of the Industrial Claim Appeals Panel which held that the Fund, rather than the employer or its insurer, was obligated to pay the interest on certain death benefits. We affirm.

The pertinent facts are not in dispute. The claimant is the dependent spouse of a worker who died from industrial exposure to radiation during his employment as a uranium miner. The Administrative Law Judge (ALJ) awarded funeral and death benefits, apportioned such benefits according to the provisions of Colo.Sess.Laws 1990, ch. 62, § 8–41–304(2) at 480 (liability of last employer and Fund in occupational disease cases) and also awarded statutory interest under Colo.Sess.Laws 1990, ch. 62, § 8–43–410(2) at 517. When the employer refused to pay interest upon its $10,000 obligation, the claimant filed a motion with the ALJ, who agreed that the employer was obligated to pay such interest.

Employer filed a request for more specific findings, and relying upon *Union Carbide Corp. v. Industrial Commission*, 40 Colo.App. 182, 573 P.2d 938 (1977), *aff'd on other grounds*, 196 Colo. 56, 581 P.2d 734

---

* Sitting by assignment of the Chief Justice under provisions of the Colo.Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl. Vol. 10B).

(1978), the Panel reversed and determined that the Fund, and not the employer, was liable to pay the interest on the death benefits.

The Fund contends that the employer or its insurer must be liable for the payment of interest on the first $10,000 of benefits and that the Panel's determination to the contrary, in effect, rewards the employer for not making timely payment of benefits to the claimant. We are not persuaded.

■ Under § 8–43–410, interest on an award of compensation is a matter of statutory right and applies automatically on the date payment is due, regardless of a good faith belief that one will prevail. *Beatrice Foods Co. v. Padilla*, 747 P.2d 685 (Colo. App.1987). The legislative purpose underlying the award of such interest is not to impose a penalty or award an additional benefit, but merely to secure to claimants the full value of the benefits to which they are entitled. *See Travelers Insurance Co. v. Savio*, 706 P.2d 1258 (Colo.1985).

In contrast, other sections of the Workers' Compensation Act have been uniformly interpreted as requiring the payment of a penalty in addition to payment of compensation. *See Eastman Kodak Co. v. Industrial Commission*, 725 P.2d 85 (Colo.App. 1986). This is because they are procedural safeguards to protect the injured worker even before a duty is established and to assure prompt payment of compensation. *See Smith v. Myron Stratton Home*, 676 P.2d 1196 (Colo.1984).

In *Subsequent Injury Fund v. Trevethan*, 809 P.2d 1098 (Colo.App.1991), our supreme court construed the identical statutes which are applicable here. It recognized the purpose of § 8–43–410 as described above and also observed that the legislative purpose underlying the Subsequent Injury Fund is to encourage employers to hire partially disabled workers by limiting the liability of such employers in the event of subsequent injury and disability while still providing full compensation benefits. Consequently, it concluded that the Fund is liable for interest on compensation in excess of $10,000.

■ Therefore, interest assessed pursuant to § 8–43–410 is not a penalty, but is merely a method to insure that the claimant receives the full value of the compensation he is entitled to. Thus, we hold that the total liability of the employer or its insurance carrier under § 8–41–304(2), *including interest*, may not exceed $10,000. Therefore, any interest payable pursuant to § 8–43–410 which exceeds the maximum obligation of the employer or its insurer as set forth in § 8–41–304(2) remains the sole obligation of the Fund.

Furthermore, to the extent that an inequitable burden may appear to be imposed upon the Fund, we conclude that the remedy, if any, lies with the General Assembly. *Cf. Campion v. Barta Builders*, 780 P.2d 23 (Colo.App.1989) (the imposition of a penalty on an insured employer for failure promptly to report an injury to its insurer lies with the General Assembly).

Order affirmed.

CRISWELL and ROTHENBERG, JJ., concur.