Patrick D. BOWLEN, d/b/a The Denver
Broncos; and Colorado Compensation
Insurance Authority, Petitioners,

v.

Marc MUNFORD and The Industrial
Claim Appeals Office of the State
of Colorado, Respondents.

No. 95CA1285.

Colorado Court of Appeals,
Div. IV.

May 2, 1996.

Rehearing Denied June 6, 1996.

Douglas A. Thomas, Brandee L. DeFalco,
Denver, for Petitioners.

Floyd M. Youngblood, P.C., Floyd M.
Youngblood, Wheat Ridge, for Respondent
Marc Munford.

No appearance for Respondent Industrial
Claim Appeals Office.

Opinion by Judge BRIGGS.

In this workers' compensation case, peti-
tioners, Colorado Compensation Insurance
Authority (insurer) and its policyholder, Pat-
rick D. Bowlen, d/b/a The Denver Broncos
Football Club (employer), seek review of the
final order of the Industrial Claim Appeals
Office (Panel) requiring them to pay medical
impairment benefits to Marc K. Munford
(claimant). We affirm.

Claimant sustained several compensable
injuries during the course of his employment
as a professional football player for the Den-
ver Broncos. From 1987 to 1990, claimant
made five compensation claims.

Petitioners filed final admissions of liability
denying medical impairment benefits with
respect to four of claimant's claims. Howev-
er, even though the employer knew claim-
ant's home address, on its first reports of
injury the employer each time provided to
the insurer the address of its training facility
as claimant's address, and the insurer each
time mailed claimant's copies of the admis-
sions to him at the training facility. Claim-
ant never received them.

Several months later, after learning of the
admissions, claimant requested a hearing on
several issues, including medical impairment

benefits. In response, petitioners argued that notice of the final admissions had been sufficient and, thus, claimant was precluded from seeking medical impairment benefits because he had not contested the admissions in writing within sixty days.

After a hearing, the Administrative Law Judge (ALJ) found claimant's testimony that he never received the final admissions to be credible and persuasive, and observed: "Most likely, these Final Admissions of Liability were retained by other personnel at Employer's facility rather than delivered to Claimant." The ALJ therefore allowed claimant to challenge the final admissions and ordered petitioners to pay claimant medical impairment and other benefits.

The Panel affirmed. It concluded that, because the final admissions had not been mailed to claimant at his home address and had not been actually received, denying claimant the right to seek medical impairment benefits would violate his right to due process.

■ On appeal, no issue has been raised, and we do not address, whether as a procedural matter it is necessary to file a petition to reopen in order to challenge the sufficiency of notice of final admissions. The only issue presented is whether notice was sufficient to preclude claimant from seeking medical impairment benefits because the statutory time limitation for challenging the final admissions had expired.

Petitioners contend that, because mailing the final admissions to claimant at the employer's address was reasonably calculated to apprise him of the actions taken, claimant's right to due process was not violated. They argue that notice of the admissions was thus sufficient even if claimant did not receive the admissions and was not otherwise apprised of them. However, petitioners' argument incorrectly assumes that mailing the final admissions to claimant at the employer's address was authorized by the applicable statute and rule.

The statute concerning admissions of final liability, § 8–43–203, C.R.S. (1995 Cum. Supp.), provides in pertinent part:

(1) The employer or, if insured, the employer's insurance carrier shall notify in writing the division *and the injured employee* ... within twenty days after notice or knowledge of an injury to an employee which disables said employee for more than three shifts or three calendar days or results in permanent physical impairment or death of said employee, whether liability is admitted or contested....

(2) ... An admission of liability for final payment of compensation shall include a statement that this is the final admission by the workers' compensation insurance carrier in the case, that the claimant may contest this admission if the claimant feels entitled to more compensation, to whom the claimant should provide written objection, and *notice that if the claimant does not contest the final admission in writing within sixty days of the date of the final admission the case will be automatically closed* as to the issues admitted in the final admission. (emphases added)

Pursuant to § 8–47–107, C.R.S. (1995 Cum. Supp.), the director has adopted rules and regulations to implement the various legislative requirements. Division of Labor Rule XI(B), 7 Colo.Code Reg. 1101–3, provides that, whenever a document is filed with the Division, a copy of the document shall be mailed "to each party to the claim" and attorneys of record.

Neither the statute nor the rule specifies whether mailing to the claimant may be to the employer's address rather than the claimant's. However, the insurer here received notice of the four claims on forms prepared by the Division for the first report of injury. Three of the four forms directed the employer to provide the claimant's name and "Home Address." The most recent form requests that the employer provide the claimant's "street address," but the parties have not suggested the change is significant, and the reference still appears to be to the claimant's residence. In addition, the supreme court has ruled that the "address" of a workers' compensation claimant for receipt of a decision by the Division of Labor is presumed to be the claimant's home address.

*Devore v. Industrial Commission,* 129 Colo. 10, 266 P.2d 774 (1954).

We find nothing in the statute, rule, or prior case law that indicates mailing other than to the claimant's residence was contemplated. Furthermore, it is the claimant whose rights are affected by the final admission mailed by the insurer. If the final admission is mailed to the employer's address, the claimant's receipt is dependent upon delivery not only through the mail, but also then by the employer. Requiring that the final admissions be mailed to the claimant's home address maximizes the likelihood a claimant will receive notice, without any additional expense to the employer, thereby furthering the legislative goal of assuring the quick and efficient delivery of benefits at a reasonable cost to employers. *See* § 8–40–102(1), C.R.S. (1995 Cum.Supp.); *Duran v. Industrial Claim Appeals Office,* 883 P.2d 477 (Colo.1994); *see also Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950); *Patterson v. Cronin,* 650 P.2d 531, 535 (Colo.1982)("[Due process requires that] [t]he means employed [to provide notice] must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.").

■ We therefore conclude that § 8–43–203 and Rule XI(B) require that a final admission be mailed to a claimant's home address, unless the claimant designates another location as the mailing address. *See Devore v. Industrial Commission, supra* (presumption that proper address for mailing is the home address is overcome if the claimant has designated another location where delivery is desired).

Counsel for petitioners contended in oral argument that the notices were mailed to the employer's training facility because claimant in effect had designated his employer's business as his mailing address by accepting delivery there of other mail concerning his claims. We are not persuaded.

Claimant on cross-examination did testify that he had received temporary disability checks at the employer's training facilities. However, he testified that the checks were simply handed to him by the employer's trainer, that he had little understanding of the workers' compensation system, and that he basically relied on the trainer for information and advice. In addition, the insurer's adjuster testified that the insurer used the employer's address as the "standard mailing address" for all the players, and it was undisputed that the employer designated that address as claimant's address on the first reports of injury. The evidence therefore does not support a finding that the final admissions were mailed to the employer's address because of claimant's designation.

Finally, petitioners rely on *Public Service Co. v. Boatwright,* 749 P.2d 456 (Colo.App. 1987) to argue that, because claimant received benefit checks that were mailed to the same address as the final admissions of liability, he had constructive notice of the final admissions. We are not persuaded.

In *Boatwright,* the employer had filed with the Division an admission of liability for temporary total disability benefits and paid the benefits to the claimant. The claimant nevertheless requested a penalty because no notice had been sent to him.

The court in *Boatwright* concluded that, in the circumstances presented there, it could not condone the imposition of a penalty on the employer for failure to send a separate copy of the admission to the claimant. The court noted, among other things, that the payment communicated to the claimant the "obvious message" that the employer admitted liability for the injury. In addition, the claimant, who had not sought any additional benefits, had suffered no prejudice from the omission. Thus, the claimant had received constructive notice because the intent of the notice requirement had been met.

We agree with the Panel that *Boatwright* is factually distinguishable. Here, the issue is not the imposition of a penalty on the employer but rather claimant's right to contest the final admissions. Further, claimant's receipt of earlier payments for temporary disability could not serve as notice of petitioners' position concerning liability for medical impairment benefits. Finally, the intent of the statute is not satisfied by precluding claimant from contesting the final

**62**

admissions pursuant to the procedures set forth in the statute requiring the notice.

Order affirmed.

MARQUEZ and KAPELKE, JJ., concur.