KUHNDOG, INC., a Colorado corporation, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Director of the Division of Workers Compensation, Respondents.

No. 08CA1926.

Colorado Court of Appeals, Div. I.

March 19, 2009.

Martin D. Kuhn, Colorado Springs, Colorado, for Petitioner.

John W. Suthers, Attorney General, Katie A. Allison, Assistant Attorney General, Denver, Colorado, for Respondents.

Opinion by Judge TAUBMAN.

In this workers' compensation proceeding, Kuhndog, Inc. (employer) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) upholding the fine imposed for its failure to carry workers' compensation insurance. Because we conclude that the procedure utilized by the Division of Workers' Compensation did not violate employer's due process rights, we affirm.

Employer received a Director's Notice to Show Compliance stating that division records indicated its business did not have workers' compensation insurance. The notice required employer to complete a compliance questionnaire within twenty days and to provide an explanation and proof that it either had insurance or was exempt from the Workers' Compensation Act. The notice also informed employer that (1) following expiration of the twenty-day response period, the director would make findings regarding whether employer was exempt or in compliance with its insurance obligations, and if employer was not in compliance, the director would impose fines or other sanctions; (2) if no timely or complete response was submitted, the director would rely solely on division records to determine whether employer was

in default and whether fines would be imposed; (3) employer could request a prehearing conference on the issue of default, but must do so prior to the expiration of the twenty-day response period; and (4) if the director found employer to be in default, fines and an order to cease and desist business operations could be imposed by the director.

Employer failed to respond and the director issued an order finding it in default and imposing a fine. Employer filed a petition to review, and the director issued a supplemental order upholding the finding of default, noting that the fine was imposed pursuant to an escalating scale of fines under the rules ($5 per day for the period of default preceding the notice of default), finding that it was not excessive, and increasing the fine to a total of $22,400 based on employer's continuing default. The Panel affirmed the supplemental order on review.

## I. Notice

■ Initially, employer appears to argue that service of the notice to show compliance by mail was insufficient. We disagree. According to Department of Labor and Employment Rule 1–4(1)(A), 7 Code Colo. Regs. 1101–3, proper service is to be made by mail. *See Bowlen v. Munford*, 921 P.2d 59, 60 (Colo.App.1996) (acknowledging rule that whenever a document is filed with the Division, a copy of the document shall be mailed "to each party to the claim" and attorneys of record).

Employer does not argue that service by mail is not reasonably calculated to effect the required notice. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); *Schmidt v. Langel*, 874 P.2d 447, 451 (Colo.App.1993) (due process does not require that method of providing notice be absolutely certain to effect notice in every instance; it only requires that the

method be reasonably calculated to effect notice). Further, the record indicates, and employer does not contest, that it received actual notice. Accordingly, the service made in this instance was not constitutionally deficient. *See EZ Bldg. Components Mfg., LLC v. Indus. Claim Appeals Office*, 74 P.3d 516, 518 (Colo.App.2003) (when there is no indication that the prescribed method of notice is jurisdictional, actual notice satisfied due process).

## II. Right to a Hearing

■ Employer next contends that section 8–43–409, C.R.S.2008—which subjects an employer to sanctions, including fines, for the failure to comply with the insurance requirements of the Workers' Compensation Act— violates due process because it does not mandate that an evidentiary hearing occur prior to the issuance of a default order. Again, we disagree.

The imposition of penalties constitutes a deprivation of property and, therefore, implicates employer's due process rights. *See Hargett v. Dir.*, 854 P.2d 1316 (Colo.App. 1992), *disapproved of in part by Colo. Comp. Ins. Auth. v. Nofio*, 886 P.2d 714, 719 n. 8 (Colo.1994).

The fundamental requisites of procedural due process are notice and the opportunity to be heard. *Hendricks v. Indus. Claim Appeals Office*, 809 P.2d 1076, 1077 (Colo.App. 1990). Due process is a flexible standard that does not call for any specific procedure as long as an opportunity for a hearing and judicial review is provided. *Kroupa v. Indus. Claim Appeals Office*, 53 P.3d 1192, 1195 (Colo.App.2002). Essentially, it requires fundamental fairness in procedure. *Salazar v. Am. Sterilizer Co.*, 5 P.3d 357, 371 (Colo.App.2000).

Pursuant to section 8–43–409(1), C.R.S. 2008, the director must notify the employer of "the opportunity to request a prehearing conference on the issue of default" and after further investigation, may "if necessary," "set the issue of the employer's default for hearing." A prehearing conference offers "speedy resolution of or simplification of any issues" and determines "the general readi-

ness of remaining issues for formal adjudication on the record." § 8–43–207.5(1), C.R.S. 2008. The prehearing conference addresses specified issues, including discovery matters and evidentiary disputes. *Id.*

However, no hearing is necessary absent disputed issues of material fact, and, in that event, a party is entitled to judgment as a matter of law. *See Feeley v. Indus. Claim Appeals Office,* 195 P.3d 1154, 1156 (Colo. App.2008) (affirming administrative law judge's grant of summary judgment to employer and the striking of claimant's application for hearing).

The question thus presented is whether an employer is denied its right to procedural due process by not timely requesting a prehearing conference. We conclude that it is reasonable to condition the occurrence of an administrative hearing on an employer's timely request to participate in a prehearing conference. Because the prehearing conference provides an opportunity to speedily resolve or simplify issues, as well as resolve discovery matters and evidentiary disputes, it also provides an opportunity to determine whether any factual issues are in dispute and, thus, a need for an evidentiary hearing.

Here, because employer conceded it did not request a prehearing conference in a timely manner, it did not avail itself of these opportunities. Significantly, employer does not identify on appeal any factual disputes, much less factual disputes that could not have been addressed initially at a prehearing conference. Under these circumstances, we conclude that § 8–43–409 did not violate employer's right to due process by requiring that it timely request a prehearing conference as a prerequisite to a hearing.

The statute, as clarified by the notice to show compliance, provides an employer with the opportunity to respond and present supporting evidence of its compliance or exempt status. Therefore, it affords the necessary procedural protections and does not violate employer's right to due process. *See Pueblo Sch. Dist. No. 70 v. Toth,* 924 P.2d 1094, 1098 (Colo.App.1996) (due process satisfied where rule provided notice of the expected standard of conduct and insurer had an opportunity to present evidence concerning the reasonableness of its actions); *see also Bradshaw v. Park,* 29 Cal.App.4th 1267, 34 Cal.Rptr.2d 872, 878–79 (1994) (employer not denied due process where judgment was entered against him for failing to carry insurance because statutory scheme provided for a subsequent review hearing before the director).

Accordingly, we need not address whether § 8–43–409 is unconstitutional because it provides that, after a prehearing conference, "the director *may* set the issue of the employer's default for hearing."

The order is affirmed.

Judge ROMÁN * and Judge STERNBERG concur.