## No. 14,736.

ANDERSON ET AL. *v.* DUTCH MAID BAKERIES ET AL.

(102 P. [2d] 740)

Decided May 6, 1940.

Messrs. SAUTER & SANDHOUSE, Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, for plaintiffs in error.

Messrs. DINES, DINES & HOLME, Mr. ROBERT E. MORE, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE HILLIARD delivered the opinion of the court.

A WORKMEN'S compensation case. The district court sustained the Industrial Commission in its findings and award that the employee, Anderson, had been injured in the course of his employment; that he had suffered temporary total disability for a stated period; that he was entitled to compensation for permanent partial disability; and that the State Fund was not liable as the insurance carrier. It reversed the finding and award that the benefits should be increased fifty per cent for failure of the employer to carry insurance. The employee and commission assign error on the denial of the fifty per cent increase, and the employer assigns cross-errors on the award of permanent partial disability and the judgment relieving the State Fund of liability.

As to the cross-errors, we are in accord with the district court that there was competent evidence before

the commission to sustain its findings that permanent partial disability existed; and likewise that the State Fund was not liable. The able argument of employer's counsel did not persuade the commission to find otherwise, and, as the questions are grounded upon determination of facts, we are foreclosed from adopting a different view.

The error assigned by the employee and commission involves the same facts as those which induced the latter to find the State Fund not liable. The employer is the successor, by purchase, of the Wigwam Bakery. At the time of the purchase the bakery was conducted by a partnership, which in turn had succeeded one of its members who had been doing business as an individual. The latter was insured in the State Fund, but the policy remained in his name and apparently no claim was asserted under it while the partnership was conducting the bakery. When the partnership business was sold, the purchaser paid the seller the amount of the unearned premium on the policy, but no assignment of the policy was made, nor was the Fund notified of the change of ownership, although the policy required that both these steps be taken and the assignment approved by the insurer. The purchaser, its manager testified, simply assumed it was covered because it had paid the unearned premium to the partnership. After the change of ownership, and before Anderson was injured, another employee, one Scoglund, sustained an accident which was reported to the commission and State Fund as the basis for a claim. On the claim blank in the Fund's file someone, wholly unidentified, inserted over the stated name of the employer, "Dutch Maid Bakeries, Inc.", the name "Wigwam Bakery." This claim was never prosecuted, but the employer argues the Fund thereby knew of the assignment and, not disclaiming it or returning the premium, is now estopped to deny its liability with respect to Anderson's injuries. The Fund asserts, however, that the mere report of the Scoglund

accident and the unexplained writing in of the name "Wigwam Bakery" cannot take the place of a specific assignment and consent thereto as required by the policy. We are in accord with the view of the Fund, and think estoppel may not be predicated on the facts indicated.

The trial court felt, and found, that the employer had in good faith believed it had insurance and that it should not, under such circumstances, be required to pay the fifty per cent additional compensation as a penalty for failure to carry insurance. The liability imposed by the statute ('35 C.S.A., c. 97, §306) is not determined by good faith or wilful neglect. The only question is, Has the employer insurance? Here the employer had none, and its liability for the additional compensation necessarily follows. *McKune v. Industrial Commission,* 94 Colo. 523, 527, 31 P. (2d) 322.

The judgment should, therefore, be affirmed so far as it approves, and reversed so far as it disapproves, the findings and award of the commission. Let it be so ordered.

MR. JUSTICE BAKKE and MR. JUSTICE BURKE concur.