# STATE INS. FUND v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 7196.   Decided April 18, 1949.   (205 P. 2d 245.)

See 71 C. J., Workmen's Compensation Acts, sec. 1077; 58 Am. Jur. 922. Cancellation of insurance under workmen's compensation act, note, 107 A. L. R. 1514.

*F. A. Trottier,* of Salt Lake City, for appellant.

*Grover A. Giles,* Atty. Gen., and *C. N. Ottosen,* of Salt Lake City, for respondents.

PRATT, Chief Justice.

The issue joined in this industrial accident case is as to whether or not the employer's insurance carrier was the State Insurance Fund.

The facts are these: J. M. Stock conducted a business he called the "Merchants Police." He discontinued that business as an individual on June 30, 1947, and thereafter it was conducted under the same name, but by a corporation he had organized as of July 1, 1947. This corporation was named the Intermountain Service Bureau, Inc., of which he, Mr. Stock was president.

While conducting the business as an individual, he was covered by Workmens Compensation Policy number 1M-805 issued by the State Insurance Fund. On December 19, 1947 acting upon the theory that the policy had been cancelled as of June 30, 1947, by reason of the change to the corporation Mr. Stock addressed a letter for and on behalf of the corporation to the State Insurance Fund, paying a balance due on the policy number 1M-805 for the period January 1 to June 30, 1947; returning the "old" policy and requesting new forms or application blanks for a policy for the corporation. A new policy was issued January 14, 1948.

The employee involved was employed in August 1947, and was injured November 11, 1947, by tripping and falling, which injury was aggravated by again tripping and falling on November 25, 1947. The Industrial Commission found in favor of the employee and awarded him compen-

sation; but in doing so made no mention of the question of who was the insurance carrier.

The Commission of Finance on behalf of the State Insurance Fund requested a rehearing which was denied, and the matter was brought before us upon a writ.

The attack made upon the findings of the Industrial Commission by the petition for rehearing is this: It was error to include the words "Merchant Police" in the caption of the findings, as that was only a trade name; the findings do not include one as to who was the legal entity employing the injured at the time of the accident; (the caption of the findings includes the name "Intermountain Service Bureau Inc.,"); and that the findings failed to include anything as to who was the insurance carrier. (The caption of the findings includes the name "The State Insurance Fund.")

After finding that the employee was entitled to benefits the Industrial Commission ordered the "defendants" to pay the allowances specified.

The appearances at the hearing were the applicant, counsel for the employer and counsel for the State Insurance Fund. The Industrial Commission had been informed by letter that it was contended that the State Insurance Fund was not the insurer. As the hearing opened the commissioner in charge asked if it was admitted that the State Insurance Fund was the insurance carrier, and counsel for the Fund said "No." Subsequently, evidence was produced by a witness for the Fund that notice was given Mr. Stock that his policy would be cancelled as of November 12, 1947. This notice was founded upon the fact that Mr. Stock had not paid his insurance premiums. Later in December however, and after receiving the letter heretofore mentioned as written by Mr. Stock on behalf of the corporation, notice was sent Mr. Stock correcting the first notice, and stating that his policy was cancelled as of June 30, 1947. This was done on the theory that the transfer of the

business between Mr. Stock and the corporation automatically terminated the policy by its terms.

As to the view the Industrial Commission took of this matter we can only surmise from the fact that they ordered "defendants" to pay the allowances.

There is nothing in the evidence before us, or before the commission for that matter, which gives any color to the thought Mr. Stock's incorporation of the Intermountain Service Bureau Inc., was, in effect nothing more than changing the name of the legal entity controlling the "Merchants Police." Mr. Stock, the individual, and the corporation are two distinct legal entities. Naturally, if one succeeds the other in the ownership of a business, there must have been some transfer involved. As indicated in the case of *Continental Casualty Company* v. *Industrial Commission,* 61 Utah 16, 210 P. 127, the Industrial Commission is without authority to apply the terms of an insurance policy to an individual or corporation not named in the policy as the insured. There is nothing in the evidence that indicates anyone was induced to act upon the belief that the employer was covered by the policy. The employee was employed by the corporation, not by Mr. Stock individually, and the injury occurred after termination of the policy issued to Mr. Stock, and before any policy was issued to the corporation.

A comparable case to this is the case of *Anderson et al.* v. *Dutch Maid Bakeries,* 106 Colo. 201, 102 P. 2d 740, 741, wherein the business changed hands from the individual to a partnership. The court there released the State Fund saying that the only question was: "Has the employer insurance?" The employer in the present case was the Intermountain Service Bureau Inc. At the time of the injury had it insurance with the State Insurance Fund? The answer must be "No."

The commission made its finding to the effect that the "Merchants Police" was the employer of three or more

persons on the day of the alleged injury and that applicant was injured while in the course of his employment. The decision was that the defendants pay for all hospital and medical expense incurred and pay compensation. The "defendants" as indicated in the caption of the decision and findings are: Merchants Police and/or Intermountain Service Bureau Inc., and the State Insurance Fund. The meaning of this expression "and/or" is that both conjunctive and alternative liability between two separate entities are intended. The result is that one unfamiliar with the record does not know just how both "Merchants Police" and Intermountain Service Bureau Inc., jointly or separately can have been the employers; or whether "Merchants Police" is used to include Stock personally, since he at one time used that business name, or whether it only includes Intermountain Service Bureau Inc., which later used the title to describe one of its services. The "and/or" would seem to indicate something in addition to the Intermountain Service Bureau Inc., and the finding is that "Merchants Police" was the employer. The finding and the order of the commission, taken alone or together are evasive. It cannot be determined therefrom, who in fact is concluded as being the employer of the injured man and who is required to pay his compensation and expenses. The employer should be designated by its or his true name, and if a trade name is used, then it should be explained as such, i. e., "doing business as."

For these reasons the award is set aside and the matter remanded to the Industrial Commission for further proceedings in accordance with this opinion.

WADE, WOLFE, LATIMER, and McDONOUGH, JJ., concur.