**Larry J. WILSON, Petitioner,**

**v.**

**DIRECTOR, DIVISION OF LABOR; Industrial Commission of the State of Colorado; Rocky Mountain Framing and Finishing and/or McCreary & Roberts; State Compensation Insurance Fund, Respondents.**

**No. 82CA0594.**

Colorado Court of Appeals, Div. I.

Oct. 25, 1984.

Rehearing Denied Nov. 23, 1984.

Certiorari Granted May 20, 1985.

Martinez & Allman, Robert L. Allman, Denver, for petitioner.

Russell A. Stanley, Denver, for respondents Rocky Mountain Framing and Finishing and/or McCreary & Roberts, and State Compensation Ins. Fund.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Asst. Atty. Gen., Timothy Arnold, Asst. Atty. Gen., Denver, for respondents Director, Div. of Labor and Indus. Com'n.

SMITH, Judge.

Insurer, the State Compensation Insurance Fund (Fund), and employers, Rocky Mountain Framing and Finishing (Rocky Mountain) and McCreary & Roberts, seek review of a final order of the Industrial Commission imposing a penalty pursuant to § 8–53–102, C.R.S., for untimely filing of notice of admission or denial of a claim. We affirm.

Evidence adduced before the Division of Labor indicates that claimant, Larry J. Wilson, suffered a compensable injury on July 4, 1979, while in the employ of Rocky Mountain, a subcontractor of McCreary and Roberts. Claimant subsequently discovered that Rocky Mountain was uninsured, and by September 1, 1979, at the latest, notified one of the principals of McCreary & Roberts of the accident.

On March 10, 1980, the Fund, McCreary & Roberts' insurer, received notice from the Division of Labor of the claim. The Fund filed a denial of liability on April 11, 1980.

On October 27, 1981, following hearings on permanent partial disability, the hearing officer entered an order which, *inter alia*, imposed a penalty for a 198 day delay in filing by the Fund of an admission or denial of liability. The Commission reversed the hearing officer's order, ruling that the portion of § 8–53–102(1), C.R.S., which states that: "any knowledge on the part of the employer, if insured, is not knowledge on the part of his insurance carrier" precluded imputation to the Fund of the September 1979 notice to the employer. Noting that there was no evidence that the insurer received notice or had actual knowledge of the accident prior to March 10, 1980, the Commission concluded that the April 11, 1980, denial of liability was filed just 7 days after the 25 day period provided for by § 8–53–102, C.R.S. The Commission reduced the penalty award accordingly.

Following the filing by Wilson of a petition for review to this court, we remanded the case on May 18, 1983, for a determination by the Commission whether the insurance contract in effect between McCreary and Roberts and the Fund contained a provision concerning imputation to the insurer of notice received by the insured. On remand, the insurance contract was certified as part of the record. Based on a provision of the contract that "[a]s between the employee and the [insurer], notice or knowledge of the injury on the part of the insured shall be notice or knowledge on the part of the [insurer]...." the Commission reinstated the hearing officer's original award for a 198 day delay in admitting or denying liability.

On this review, insurer and employers contend that the provision of § 8–53–102, C.R.S., stating that notice to the insured is not notice to the insurer bars imposition of the penalty for the period prior to receipt of actual notice or knowledge of the injury by the insurer. We disagree.

■ The parties to an insurance contract may agree to contractual obligations beyond those imposed as a minimum by statute, provided that such obligations are not inconsistent with public policy. *See Dye Construction Co. v. Industrial Commission*, 678 P.2d 1066 (Colo.App.1983); *see also Francam Building Corp. v. Fail*, 646 P.2d 345 (Colo.1982).

■ The requirement of prompt notification of admission or contest of liability embodies a policy to alert the injured employee of his rights and to the legal ramifications of his injury at an early state. *Smith*

*v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984). By enhancing the incentive of the insurer to discover industrial accidents and respond with the requisite notice, the contractual provision here at issue is consistent with this policy. Accordingly, the Commission properly enforced the provision as written.

Order affirmed.

PIERCE and TURSI, JJ., concur.