**The DIRECTOR OF the DIVISION OF LABOR, as Administrator of the Subsequent Injury Fund, Petitioner,**

v.

**Paul E. SMITH; Harry Wichman, d/b/a No. 1 Garage; State Compensation Insurance Fund; and the Industrial Commission of the State of Colorado, Respondents.**

No. 85CA0888.

Colorado Court of Appeals, Div. I.

Aug. 7, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for petitioner.

Dale A. Gerlach, Colorado Springs, for respondent Paul E. Smith.

No appearance for respondents Wichman, State Compensation Ins. Fund, and Indus. Com'n.

STERNBERG, Judge.

In this workmen's compensation case, the Director of Division of Labor, as Administrator of the Subsequent Injury Fund (SIF), seeks review of an order of the Industrial Commission granting claimant Paul E. Smith's petition to reopen his claim. We dismiss the petition for review.

Claimant sustained a work-related injury to his spine in January 1979. Prior to determination of permanent disability, SIF was joined as a respondent. Claimant subsequently settled with the employer and its insurance carrier and SIF was dismissed as a party.

On June 10, 1983, claimant filed a petition to reopen his claim naming the employer, its insurance carrier, and SIF as respondents. On June 4, 1985, the Commission reversed a determination by the hearing

officer that the settlement agreement barred claimant from reopening his claim and remanded the case for determination of benefits.

On review, SIF contends that it is not a proper party to the reopening proceedings because it was previously dismissed as a result of the settlement agreement. We conclude that the order of the Commission is not a final order subject to review and accordingly dismiss the petition for review.

Pursuant to § 8–53–114(2), C.R.S. (1985 Cum.Supp.), an order is "final" and thus reviewable if it "requires any party to pay a penalty or benefits or denies a claimant any benefits." *See American Express v. Industrial Commission*, 712 P.2d 1132 (Colo.App.1985). Thus, because it neither required nor denied the payment of a penalty or benefits, the June 4, 1985, order is not reviewable.

The petition for review is dismissed.

PIERCE and METZGER, JJ., concur.