STATE COMPENSATION INSURANCE FUND; Rocky Mountain Framing and Finishing and/or McCreary and Roberts, Petitioners,

v.

Larry J. WILSON; Director, Division of Labor; and Industrial Commission of the State of Colorado, Respondents.

No. 84SC438.

Supreme Court of Colorado, En Banc.

April 27, 1987.

Rehearing Denied May 18, 1987.

Russell A. Stanley, William J. Baum, Denver, for petitioners State Compensation Ins. Fund, Rocky Mountain Framing and Finishing and/or McCreary and Roberts.

Thomas M. Schrant, DeMoulin, Anderson, Campbell and Laugesen, P.C., Denver, for The Workers' Compensation Section of the Colorado Defense Lawyers Association, amicus curiae.

Robert L. Allman, Martinez & Allman, Denver, for respondent Larry J. Wilson.

Kathryn J. Aragon, Asst. Atty. Gen., Human Resources Section, Denver, for respondents Director, Div. of Labor and the Indust. Com'n of Colorado.

DUBOFSKY, Justice.

We granted certiorari to review the court of appeals' decision in *Wilson v. Director, Div. of Labor,* 701 P.2d 70 (Colo.App.1984), that an insurer is liable for penalties under the Workmen's Compensation Act (the Act), §§ 8–40–101 through 8–54–127, 3B C.R.S. (1986), for failure to admit or deny liability within 25 days of a claimant's injury when the insurer did not have notice of the injury. Although knowledge by an employer of the occurrence of an injury is deemed under the Act to be knowledge by the insurer, section 8–53–102 of the Act exempts an insurer who does not have notice of the injury from the statutory penal-

ty; therefore, we reverse the judgment of the court of appeals.

## I.

The claimant, Larry J. Wilson, an employee of Rocky Mountain Framing and Finishing, injured his back in a construction accident on July 4, 1979, and was not able to return to work until August 12, 1979. Rocky Mountain Framing and Finishing, a subcontractor of the general contractor McCreary & Roberts, did not have worker's compensation insurance, and under the Act, McCreary & Roberts became the claimant's statutory employer. On September 1, 1979, the claimant notified McCreary & Roberts of his injury, but the insurance carrier for McCreary & Roberts, the State Compensation Insurance Fund (the state fund), did not receive notice of the injury until March 10, 1980, when the state division of labor notified it of Wilson's claim. Thirty-two days later, on April 11, 1980, the state fund denied liability.

A referee for the division of labor determined that the state fund was liable for the claimant's permanent partial disability. The referee imputed the employer's knowledge of the accident to the insurer and imposed a penalty of $6300.36 against the state fund at the rate of $31.82 per day for a 198 day delay (from September 1, 1979, to April 11, 1980, excluding the 25 day reporting period) in admitting or denying liability. The industrial commission affirmed the referee's finding of compensable injury, but reduced the penalty imposed to $222.74 at the rate of $31.82 per day for seven days (from March 10, 1980, to April 11, 1980, less the 25 day reporting period) because section 8–53–102(1), 3B C.R.S. (1986), provides that "any knowledge on the part of the employer, if insured, is not knowledge on the part of his insurance carrier" and the state fund did not have knowledge of the injury until March 10, 1980. The claimant appealed the industrial commission's penalty decision to the court of appeals. The court of appeals remanded the case to

the industrial commission to consider whether the state fund's contract insuring McCreary & Roberts abrogated the insurer's statutory right to actual notice under section 8–53–102, thus imputing the notice received by McCreary & Roberts on September 1, 1979, to the state fund.

On remand, the industrial commission concluded that section 8–44–105, 3B C.R.S. (1986), required the insurance contract to include a clause deeming the employer's notice as notice to the insurance company, and that the contract clause abrogated the insurer's right to actual notice under section 8–53–102(1).[1] The commission reinstated the 198 day penalty against the state fund, and the state fund appealed the increased penalty to the court of appeals.

Without considering the apparent conflict between the two provisions of the Act, the court of appeals observed that "the parties to an insurance contract may agree to contractual obligations beyond those imposed as a minimum by statute, provided that such obligations are not inconsistent with public policy." *Wilson*, 701 P.2d at 71. The court enforced the contract as consistent with public policy because it enhanced "the incentive of the insurer to discover industrial accidents and respond with the requisite notice." *Id.* at 72.

## II.

◼ Article 44 of the Workmen's Compensation Act is the general article governing insurance to pay benefits for injured workers. Section 8–44–105, 3B C.R.S. (1986), provides:

*Every contract* insuring against liability for compensation or insurance policy evidencing the same *shall contain a clause to the effect that the insurance carrier shall be directly and primarily liable to the employee* and, in the event of his death, to his dependents *to pay compensation*, if any, for which the employer is liable, thereby discharging to the extent of such payment the obligations of the

---

1. The industrial commission did not acknowledge that its ruling nullified section 8–53–102, but it noted that the section might provide a basis for an insurer to make a claim for indemnification or reimbursement of the penalty from the employer on the basis of the employer's negligent failure to inform the insurance company of the injury.

employer to the employee; that, *as between the employee and the insurance carrier, notice or knowledge of the occurrence of the injury on the part of the employer shall be deemed notice or knowledge, as the case may be, on the part of the insurance carrier;....*

(Emphasis added.) This section creates a relationship between the insurer and the employee independent of the contract between the insurer and the employer. 4 A. Larson, *Workmen's Compensation Law* § 92.21 (1986). Section 8–44–105 mandates carrier contractual liability for compensation to an injured employee; it does not address penalties that might be imposed on an insurer. *Industrial Commission v. Lopez,* 150 Colo. 87, 371 P.2d 269 (1962); *see* 4 A. Larson, *supra,* at § 92.20.

Article 53 establishes hearing and review procedures for disputes that arise under the Act. Section 8–53–102, 3B C.R.S. (1986), provides penalties for failure to promptly admit or deny liability.

(1) The employer or, if insured, his insurance carrier shall notify in writing the division and the injured employee or, if deceased, his dependents within twenty-five days after notice or knowledge of an injury to an employee which disables said employee for more than three shifts or three calendar days or results in permanent physical impairment or death of said employee, whether liability is admitted or contested; *but, for the purpose of this section, any knowledge on the part of the employer, if insured, is not knowledge on the part of his insurance carrier....*

(2) If such notice is not filed as provided in subsection (1) of this section, the employer or, if insured, his insurance carrier, as the case may be, shall become liable to the claimant, if successful in his claim for compensation, for one day's compensation for each day's failure to so notify....

(Emphasis added.) Imposition of the penalty under this section is mandatory. *Smith v. Myron Stratton Home,* 676 P.2d 1196 (Colo.1984).

We have no difficulty harmonizing the two statutory provisions. *See McBride v. Industrial Comm'n,* 97 Colo. 166, 49 P.2d 386 (1935). Section 8–53–102 is a specific limited exception to the general rule of section 8–44–105 that the employer's knowledge of the employee's injury shall be imputed to the insurance carrier. Although the insurer is directly liable for payment of compensation to the employee under section 8–44–105, the employee is required to notify the employer, not the insurer, of an accident under section 8–45–102, 3B C.R.S. (1986). If the employer does not inform the insurer of the accident,[2] it is impossible for the insurer to admit or deny liability within 25 days as required under section 8–53–102. The employer's knowledge, therefore, should not be imputed to the insurer for the purpose of the penalty in section 8–53–102.

### III.

■ The contract between McCreary & Roberts and the state fund included the language required by section 8–44–105:

8. **Statutory Provisions—Coverage A:** The company shall be directly and primarily liable to any person entitled to the benefits of the workmen's compensation law under this policy. The obligations of the company may be enforced by such person, or for his benefit by any agency authorized by law, whether against the company alone or jointly with the insured....

*As between the employee and the company, notice or knowledge of the injury on the part of the insured shall be notice or knowledge, as the case may be, on the part of the company;....*

---

**2.** Paragraph 5 of the insurance contract between McCreary & Roberts and the state fund provides:

5. Notice of Injury: When an injury occurs written notice shall be given by or on behalf of the insured to the company as soon as

practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the injury, the names and addresses of the injured and of available witnesses.

(Emphasis added.) The claimant argues that by including the language required by the statute without expressly reserving the right to actual notice for imposition of penalties, the state fund waived protection under section 8–53–102(1).

The paragraph immediately following the one required by the statute, however, stated:

*All of the provisions of the workmen's compensation law shall be and remain a part of this policy as fully and completely as if written herein, so* far as they apply to compensation and other benefits provided by this policy and to special taxes, payments into security or other special funds, and *assessments* required of or *levied against compensation insurance carriers under such law.*

(Emphasis added.) As an added precaution, the contract also provided that any terms of the contract that conflicted with the Act were to be construed in conformity with the statute, not the contract. The contract thus incorporated by reference the exception allowed under section 8–53–102(1). It is clear that the parties did not intend by contract to give up any protections or benefits available under the Act.

Moreover, were we to read the statutorily mandated language from section 8–44–105 in the contract as an abrogation of section 8–53–102 protection for the insurer, the effect would be to allow statutes that can be harmonized to operate in an inconsistent fashion. Section 8–44–105 should not cancel protection for an insurer under section 8–53–102 when the insurer has not been warned by the statute that language from section 8–53–102 also must be contained in the contract or the insurer will forfeit its protection.

The claimant contends that the exception in section 8–53–102 to the imputation of an employer's knowledge to the insurer will encourage employers to delay reporting claims because neither the employer nor the insurer will be assessed a penalty. The claimant contrasts the effect of section 8–53–102 with the general purpose of the Act: to insure prompt compensation for injured workers. *Smith v. Myron Stratton Home,* 676 P.2d at 1200. We do not believe that the purpose of the Act is undermined by section 8–53–102. An insurer that has no knowledge of an employee's injury will not be able to admit or deny liability regardless of the existence of a penalty. To penalize the state fund in this case does not provide an incentive for the employer to promptly report the injury.

Appellate courts in this state have not resolved whether an insured employer that fails to give timely notice of an injury to its insurance carrier may be subject to a penalty. In *Industrial Comm'n of State of Colo. v. Riley,* 653 P.2d 723 (Colo.1982), a claimant immediately notified the employer of an on-the-job injury, but the employer failed to notify the insurer for five months. Procedural issues prevented both this court and the court of appeals from addressing the question of imposition of a penalty on an insured employer, but the case was remanded to the industrial commission for consideration of the issue. In *Hanson v. Industrial Comm'n,* 716 P.2d 477 (Colo. App.1986), the court of appeals affirmed the assessment of a substantial penalty for a delay in admitting or denying liability under section 8–53–102 against both an insured employer and its insurance carrier. The employer apparently did not contest its liability for the penalty. The record in the instant case, however, does not indicate that the claimant sought assessment of a penalty from McCreary & Roberts.

The insurer is liable for a penalty of $222.74, attributable to the insurer's delay in admitting or denying liability once it had actual notice or knowledge of the injury. The insurer is not liable for the delay attributable to the employer's failure to notify the state fund of the claimant's injury.

Judgment reversed.