**RACON CONSTRUCTION COMPANY
and Safeco Insurance Company,
Petitioners,**

**v.**

**The INDUSTRIAL CLAIM APPEALS
OFFICE OF the STATE of COLORA-
DO; Director, Department of Labor
and Employment, Division of Labor of
the State of Colorado, Respondents,**

**and**

**Steven L. Copeland, Respondent,
Cross–Petitioner.**

**No. 88CA0425.**

Colorado Court of Appeals,
Div. III.

Feb. 2, 1989.

Rehearing Denied March 9, 1989.

Certiorari Denied June 19, 1989.

Hall & Evans, Malcolm S. Mead, Lynn P.
Lyon, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Michael P. Serruto,
Asst. Atty. Gen., Denver, for respondents
Indus. Claim Appeals Office and Director,
Div. of Labor.

Suzanne Harvey Lynch, Denver, for re-
spondent and cross-petitioner Steven L.
Copeland.

NEY, Judge.

Racon Construction Company and Safeco
Insurance Company (petitioners) seek re-
view of an order of the Industrial Claim
Appeals Office (Panel) which held that
there was sufficient evidence in the record
from which to find that petitioners were
liable for a penalty pursuant to
§ 8–53–102(2), C.R.S. (1986 Repl.Vol. 3B).
Steven L. Copeland (claimant) also seeks
review of the Panel's order determining
that Racon, his employer, was not individu-
ally liable for the penalty and that further
fact finding regarding the adequacy of a
notice sent to Safeco was required. We
hold that imposition of any penalty is im-
proper under the facts here and, therefore,
find it unnecessary to address either of
claimant's contentions.

At the time claimant was injured, he was
treated in a hospital emergency room and
resumed his duties without losing time
from work. Racon paid the treating doc-
tor's fee but did not pay the hospital bill.
Neither Racon nor Safeco, its insurer, ad-
mitted or denied liability for the injury as
required by § 8–53–102(1), C.R.S. (1986
Repl.Vol. 3B).

Subsequently, claimant filed a claim for
medical benefits for the unpaid hospital
bill. In addition, claimant asserted that
since no admission or denial of liability for
his injury had been filed, the penalty pro-
vided by § 8–53–102(2) should be imposed.

Petitioners admitted that they were liable for the hospital bill. However, after a hearing the Administrative Law Judge (ALJ) denied claimant's request for assessment of the penalty. The ALJ reasoned that since claimant had not been disabled for three or more shifts or days, he was not permanently impaired, and since only medical benefits were at issue, petitioners were not required to admit or deny liability.

The Panel set aside this order and remanded for additional findings. It held that although claimant had not been temporarily or permanently disabled, the second sentence of § 8–53–102(1) nonetheless required Safeco to admit or deny liability for claimant's injury within 15 days after it had knowledge or notice of the *claim* for medical benefits. The Panel distinguished this requirement from the one contained in the first sentence of § 8–53–102(1), requiring an admission or denial of liability within 25 days of notice or knowledge of certain *injuries.* Noting that Safeco had notice of the claim at the latest by the date of the hearing, the Panel remanded the cause to the ALJ for determination of when the penalty should begin.

We agree with petitioners that no penalty may be imposed because claimant has not been successful in his claim for compensation within the meaning of § 8–53–102(2).

Section 8–53–102, C.R.S. (1986 Repl.Vol. 3B) provides:

"(1) The employer or, if insured, his insurance carrier shall notify in writing the division and the injured employee ... within twenty-five days after notice or knowledge of an injury to an employee which disables said employee for more than three shifts or three calendar days or results in permanent physical impairment or death of said employee, whether liability is admitted or contested.... Where the employer's report of injury shows that the employee is temporarily disabled for three days or less and medical attention as provided by section 8–49–101, if required, has been afforded at the expense of the employer or the insurance carrier, then no admission or denial of liability need be filed until the employer ... has knowledge of or notice of claim for compensation benefits and then within fifteen days from the date of such knowledge or notice.

(2) If such notice is not filed as provided in subsection (1) of this section, the employer or, if insured, his insurance carrier, as the case may be, *shall become liable to the claimant, if successful in his claim for compensation, for one day's compensation for each day's failure to so notify....*" (emphasis added)

In *Smith v. Myron Stratton Home*, 676 P.2d 1196 (Colo.1984), our supreme court held that by merely establishing an employer's liability, a claimant is successful in his claim for compensation within the meaning of § 8–53–102(2), notwithstanding that no *additional* compensation is payable as a result of establishing the employer's liability. In that case, although the employer had paid the worker's full salary during his disability, leaving no additional benefits due, the court nevertheless imposed a penalty for failure to timely admit or deny liability.

■ Standing alone, the ruling in *Smith* arguably supports imposition of a penalty since claimant was successful in establishing petitioners' liability for medical benefits. However, we conclude that *Smith* is not dispositive because the term "compensation" as used in the statute does not encompass medical benefits where no other relief is awarded.

■ We are persuaded to adopt this view by the character of the penalty to be imposed: one day's compensation for each day's failure to comply with the notice requirement. Medical benefits, as distinguished from compensation benefits, cannot be measured on a daily basis. Therefore, we conclude that claimant has not been successful in a claim for "compensation" as meant by the statute.

We acknowledge that § 8–53–102(2) could be read as imposing as a penalty one day's compensation at the rate claimant would have been compensated had he been entitled to disability benefits. However, we do not believe this was the intent of the General Assembly because it would be

speculative to determine which type of compensation claimant might have received, *i.e.,* temporary partial disability, temporary total disability, permanent partial disability, or permanent total disability. Moreover, since different benefits are paid at different rates, any determination by the ALJ of which of these benefits should be the measure of the penalty would, at best, be arbitrary. Thus, we construe the intent of the General Assembly as being that the penalty be measured by the compensation rate which is ultimately *ordered.* Since no compensation rate was appropriate here, claimant is not entitled to a penalty.

Because of this resolution, we do not address claimant's contentions concerning the amount of penalty to be imposed and the individual liability of Racon. Since we have concluded that *no* penalty is appropriate, resolution of these issues is unnecessary.

The cause is remanded with directions that the order be amended to reflect that claimant's request for the assessment of a penalty is denied.

KELLY, C.J., and FISCHBACH, J., concur.