**George CAMPION, Petitioner,**

v.

**BARTA BUILDERS, State Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.**

**No. 88CA1126.**

Colorado Court of Appeals,
Div. C.

April 13, 1989.

Rehearing Denied May 11, 1989.

Certiorari Denied Sept. 18, 1989.

Susan D.S. Knisley and Douglas R. Phillips, Denver, for petitioner.

Anderson, Campbell and Laugesen, P.C., Thomas M. Schrant, Denver, for respondent Barta Builders.

Paul Tochtrop and John W. Berry, Denver, for respondent State Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent The Indus. Claim Appeals Office.

STERNBERG, Judge.

George Campion (claimant) contests the final order of the Industrial Claim Appeals Office (Panel) which held that § 8–53–102(2), C.R.S. (1986 Repl.Vol. 3B) does not permit imposition of a penalty upon an insured employer for failure timely to admit or deny liability for an industrial injury. We affirm.

Claimant was injured on June 18, 1986, and his employer was aware of the injury on that date. However, the employer's insurer was not notified of the injury until July 30, 1986. The insurer denied liability for the injury on August 22, 1986.

Claimant sought penalties against both the employer and its insurer for failure to

admit or deny liability in a timely manner. The penalty against the employer was claimed from June 18, 1986, until August 22, 1986, less the twenty-five days permitted by § 8–53–102(1), C.R.S. (1986 Repl.Vol. 3B) for filing an admission or denial of liability once an employer becomes aware of an injury. The penalty against the insurer was sought from July 30, 1986, until August 22, 1986, less the fifteen days permitted by § 8–53–102(1) for admitting or denying liability once an insurer receives notice of a claim for benefits.

The Administrative Law Judge (ALJ) declined to penalize the employer based upon his conclusion that § 8–53–102(2) permits the imposition of a penalty only against a non-insured employer. Since the employer here was insured, the ALJ found that no penalty could be imposed.

The ALJ did impose a penalty against the insurer, but calculated its inception date from July 30, 1986, rather than from June 18, 1986. The ALJ found that the employer's earlier knowledge of the injury could not be imputed to the insurer pursuant to the holding in *State Compensation Insurance Fund v. Wilson*, 736 P.2d 33 (Colo. 1987). The Panel affirmed.

 On review, claimant contends that the employer should also be penalized because it failed to admit or deny liability in a timely manner and prevented a timely denial from being filed by its insurer by failing to report promptly his injury to the insurer. We disagree.

We agree with the interpretation of § 8–53–102(1) and § 8–53–102(2) adopted by the ALJ and the Panel. If an employer is insured, the burden to admit or deny liability, and the penalty for failure to do so timely, falls only on the insurer.

We are aware that in *State Compensation Insurance Fund v. Wilson, supra*, the supreme court left open the issue of whether an insured employer may be penalized for failure promptly to report an injury to its insurer. However, in our view, since § 8–53–102(2) does not provide

for a penalty under these circumstances, the penalty in that statute was not intended, and should not be imposed.

We also note that § 8–52–105(1), C.R.S. (1986 Repl.Vol. 3B), concerning an employer's duty to report any employee injuries to the division, does not include a duty to report such injuries to its insurer. This omission further persuades that a penalty was not intended.

Because of the statutory wording, any attempt to impose a penalty on an insured employer for failure promptly to report an injury to its insurer would require the creation of a duty, a time limit for fulfilling the duty, and the "legislation" of a penalty for failing to comply. This we decline to do. To the extent the purposes of § 8–53–102(1) are circumvented by these omissions, the remedy lies with the General Assembly.

The order is affirmed.

SILVERSTEIN and ENOCH, JJ.* concur.