**NATKIN & CO., and Travelers Indemnity Company,
Petitioners,**

v.

**Jim O. EUBANKS; The Industrial Claim Appeals Office of the State of Colorado; and Robert J. Husson, Director, Division of Labor, Department of Labor and Employment, State of Colorado, Respondents.**

No. 88CA1108.

Colorado Court of Appeals, Div. II.

May 11, 1989.

Law Firm of Thomas J. de Marino, Stephen T. Patterson, Denver, for petitioners.

Lee C. Skaalerud, Douglas J. McGinty, Denver, for respondent Jim O. Eubanks.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Curt P. Kriksciun, Asst. Atty. Gen., Denver, for respondents Indust. Claim Appeals Office and Robert J. Husson.

FISCHBACH, Judge.

Petitioners, Natkin Company and Travelers Indemnity Company, seek review of the order of the Industrial Claim Appeals Office (Panel) which set aside and remanded, for lack of sufficient findings, the order of an Administrative Law Judge (ALJ) awarding Jim O. Eubanks (claimant) permanent partial disability payments. Petitioners also assert that the Panel erred in setting aside the ALJ's order allowing them to offset against the award of permanent partial disability payments certain rehabilitation maintenance overpayments. We dismiss the petition for review.

While a workmen's compensation order no longer needs to dispose of all pending issues for this court to be invested with jurisdiction, the order appealed from must nevertheless be a "final order" under § 8–53–119(1), C.R.S. (1986 Repl.Vol. 3B).

*CF & I Steel Corp. v. Industrial Commission,* 731 P.2d 144 (Colo.App.1986). Pursuant to the prior version of § 8–53–114(2), C.R.S. (1986 Repl.Vol. 3B), an order was "final" and thus reviewable if it required any party to pay a penalty or benefits or denied a claimant any benefit. *See American Express v. Industrial Commission,* 712 P.2d 1132 (Colo.App.1985).

Section 8–53–114(2) was repealed, effective July 1, 1988. Colo. Sess.Laws 1988, ch. 49 at 383. However, § 8–53–111(1.1), C.R.S. (1986 Repl.Vol. 3B) incorporates and extends the language of former § 8–53–114(2) to make an order which "denies a claimant ... any penalty" also final for review purposes.

Here, inasmuch as the remand by the Panel set aside the orders of the ALJ and neither required any payments by a party nor denied claimant any benefits or penalties, the order was merely interlocutory and not reviewable by this court at this time. *See Director of Division of Labor v. Smith,* 725 P.2d 1161 (Colo.App.1986); *Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986).

Claimant requests attorney fees and double costs pursuant to C.A.R. 38(d). Although we are not persuaded by petitioners' construction of the Panel's decision, we do not have authority to impose sanctions for a frivolous review of a workmen's compensation order even if we were so inclined. *See Pepsi Cola Bottling Co. v. Colorado Division of Employment,* 754 P.2d 1382 (Colo.App.1988).

Inasmuch as this is a statutory review proceeding and not an appeal from a trial court, our powers on review are set forth in, and limited by, §§ 8–53–119, 8–53–120, and 8–53–124, C.R.S. (1986 Repl.Vol. 3B), which contain no provisions for attorney fees or costs as sanctions for a frivolous review. *See Haynes v. Interior Investments,* 725 P.2d 100 (Colo.App.1986). Therefore, we have no jurisdiction to award damages as claimant requests.

The petition for review is dismissed without prejudice to the filing of a further

petition to review any final order that the Panel may enter.

SMITH and STERNBERG, JJ., concur.