UNITED STATES FIDELITY & GUARANTY, INC., and Beard Drilling Company, Petitioners and Cross–Respondents,

v.

Jim B. KOURLIS, Respondent and Cross–Petitioner,

and

The Industrial Claim Appeals Office of the State of Colorado, Respondent.

Nos. 92CA1083, 92CA1088.

Colorado Court of Appeals, Div. IV.

Jan. 13, 1994.

Gulley & Gaar, P.C., Dale A. Gaar, Englewood, for petitioners and cross-respondents.

Elrod, Katz, Preeo, Look, Moison & Silverman, P.C., Douglas J. Friednash, Eldon E. Silverman, Denver, Gage and Moxley, Robert T. Moxley, Cheyenne, WY, for respondent and cross-petitioner.

No appearance for respondent Industrial Claim Appeals Office.

Opinion by Chief Judge STERNBERG.

In this consolidated proceeding, Jim B. Kourlis (claimant), Beard Drilling Company (Beard), and U.S. Fidelity & Guaranty Co. (USF & G) seek review of an order of the Industrial Claim Appeals Panel which concerned the imposition of penalties. We affirm the order in part and dismiss in part.

The parties stipulated that claimant sustained a compensable injury August 30, 1985, while employed for Beard in Colorado. Claimant received benefits through the Wyoming workers' compensation system through May 1988. In late 1988, claimant began to receive workers' compensation benefits in Colorado pursuant to an admission of liability filed by USF & G, the issuer of the policy that covered Beard in Colorado.

Claimant settled claims for Colorado disability, medical, and vocational rehabilitation benefits, but pursued claims for penalties against Beard and USF & G for failure to admit timely or to deny liability in Colorado and against Beard for failure to comply with the insurance provisions of the Colorado Workers' Compensation Act.

From the evidence, the Administrative Law Judge (ALJ) found that USF & G had issued Beard a "retrospective policy" dated January 7, 1986, with an effective date of August 7, 1985. The ALJ ruled that Beard was not liable for penalties either for failure to admit or deny liability or for failure to secure insurance, but he did order USF & G to pay a penalty for such failures.

The Panel affirmed the ALJ's orders concerning Beard's lack of liability for penalties. However, the Panel concluded that the ALJ failed to enter sufficient findings of fact to permit appellate review of his conclusion that USF & G was liable for only 59 days compensation as its penalty for failure to admit or deny liability in a timely manner, and it remanded for further proceedings relative to that issue. The parties thereafter initiated the petitions for review that have been consolidated here.

I.

Claimant contends that the ALJ erroneously refused to impose penalties against Beard for failure to comply with the insurance provisions of the Act. We disagree.

Colo.Sess.Laws 1975, ch. 71, § 8–44–101, in effect at the time of claimant's injury, provided in pertinent part:

(1) Any employer subject to the provisions of articles 40 to 54 of this title shall *secure compensation* for his employees in one or more of the following ways, which shall be deemed to be in compliance with the insurance requirements of said articles. (emphasis supplied)

The three ways listed to secure compensation were self-insurance, private insurance, and public insurance from the state compensation insurance authority.

Colo.Sess.Laws 1984, ch. 55, § 8–44–107(1), then in effect, provided that benefits due an injured employee were required to be increased by fifty percent if, at the time of injury, "an employer has not complied with the insurance provisions of said articles, or has allowed his insurance to terminate, or has not effected a renewal thereof...."

### A.

On two grounds, claimant argues that Beard should be subject to penalties pursuant to § 8–44–107(1). His initial ground is that Beard failed to "secure" compensation pursuant to § 8–44–101 and therefore failed to comply with the insurance provisions of the Act.

He argues that the only way in which Beard "secured" compensation was by causing claimant's initial claim for benefits to be filed in Wyoming, thereby providing for claimant's benefits through the Wyoming workers' compensation system. He asserts that such a method for "securing" benefits was not encompassed within the three statutory alternatives provided for by § 8–44–101 and therefore did not constitute compliance with the insurance provisions of § 8–44–101.

Alternatively, he asserts that, even assuming Beard obtained insurance pursuant to § 8–44–101, Beard failed to "secure" compensation because that insurance was not available or used to pay his benefits for the initial three years of his claim.

We find no merit to the argument that Beard failed to "secure" compensation pursuant to § 8–44–101.

■ Section 2–4–101, C.R.S. (1980 Repl. Vol. 1B) requires that words and phrases found in a statute are to be construed according to their familiar and generally accepted meaning. *See Denver v. Industrial Commission,* 690 P.2d 199 (Colo.1984). "Secure" has

been defined as "to obtain." *Oxford American Dictionary* 612 (1980). Therefore, to "secure" compensation under § 8–44–101 means that an employer must have in effect insurance complying with the Workers' Compensation Act or must qualify as a self-insurer under the Act. *See Taylor v. Crosby Forest Products Co.,* 198 So.2d 809 (Miss. 1967).

■ Consequently, in determining whether penalties should be imposed pursuant to § 8–44–107(1) for failure to comply with the insurance provisions of § 8–44–101, the only issue to be decided is whether there is appropriate insurance in effect for the benefits due the injured employee. *See Anderson v. Dutch Maid Bakeries,* 106 Colo. 201, 102 P.2d 740 (1940).

■ Here, the ALJ found that Beard purchased the insurance contemplated by Colo. Sess.Laws 1951, ch. 219, § 8–44–101(1)(b). Also, the parties' factual stipulation provides ample support for the ALJ's conclusion that Beard was insured for purposes of compliance with § 8–44–101(1)(b). Consequently, we reject claimant's arguments that Beard failed to "secure" appropriate insurance.

### B.

Claimant's second ground is that the ALJ erred in holding that penalties are applicable only to "uninsured" employers. Relying mainly on *Security Trust v. Smith,* 93 N.M. 35, 596 P.2d 248 (1979) and tangentially on *Ferguson v. Hospital Corp. International, Ltd.,* 769 F.2d 268 (5th Cir.1985), he asserts that an employer's failure to comply with insurance-related provisions of the Act other than the requirement to "secure" compensation may trigger the penalty provisions of § 8–44–107(1). As examples of such insurance-related provisions he makes reference to the requirements to file a notice of insurance pursuant to § 8–44–101(1)(b), to post notice of insurance coverage at the job site, and to designate a claims office within Colorado. We reject this argument.

■ In *Anderson v. Dutch Maid Bakeries, supra,* the court held that, for purposes of

applying the penalty provision found at § 8–44–107(1), the only relevant inquiry is whether there is insurance for the benefits due the claimant. *See also* 2A A. Larson, *Workmen's Compensation Law* § 67.22 (1992). To extend the scope of the penalty provision to apply to other insurance-related requirements would amount to judicial legislation. If penalties are to be assessed for violation of other insurance-related provisions, the remedy lies with the General Assembly, not with this court. *Campion v. Barta Builders,* 780 P.2d 23 (Colo.App.1989).

## II.

■ Claimant contends that Beard should be penalized because it failed to admit or deny liability in a timely manner and because, by failing promptly to report claimant's injury to its insurer, USF & G, it prevented USF & G from filing a timely denial. We disagree.

Colo.Sess.Laws 1983, ch. 79, § 8–53–102, in effect at the time of claimant's injury, provided in pertinent part:

> (1) The employer or, if insured, his insurance carrier shall notify in writing the division and the injured employee ... within twenty-five days after notice or knowledge of an injury to an employee ... whether liability is admitted or contested; but, for the purpose of this section, any knowledge on the part of the employer, if insured, is not knowledge on the part of his insurance carrier....

> (2) If such notice is not filed as provided in subsection (1) of this section, the employer or, if insured, his insurance carrier, as the case may be, shall become liable to the claimant, if successful in his claim for compensation, for one day's compensation for each day's failure to so notify....

In *Campion v. Barta Builders, supra,* it was held that if an employer is insured, the burden to admit or deny liability, and the penalty for failure to do so timely, falls only on the insurer. We declined to hold, pursuant to this statutory section, that an employer may be penalized for failing promptly to report an injury to an insurer.

Here, for various reasons, claimant urges us to reconsider our decision in *Campion.* He argues that public policy and legislative intent behind the statute was to impose a duty on the part of the employer to report promptly an employee's injury to its insurer and to subject it to penalties for failure to do so. He further argues that the statute is "possibly ambiguous" because the meaning of the phrase "as the case may be" in subsection 2 may be unclear. In conjunction with this, he asserts that the construction of the statute in *Campion* renders this phrase a nullity. Finally, he argues we should reconsider in light of the reasoning of *State Compensation Insurance Fund v. Wilson,* 736 P.2d 33 (Colo.1987). We reject all these arguments.

In *Campion,* we noted that *Wilson* left open the issue whether an insured employer may be penalized for failure promptly to report an injury to its insurer. We concluded, however, that since Colo.Sess.Laws 1983, ch. 79, § 8–53–102(2) did not provide for a penalty under those circumstances, a penalty against an insured employer was not intended by and should not be imposed pursuant to that statute. We further reasoned that, because of the statutory wording, any attempt to impose a penalty on an insured employer for failure promptly to report an injury to its insurer would require the creation of a duty, a time limit for fulfilling the duty, and the "legislation" of a penalty for failing to comply. We concluded that, to the extent that any purposes of the statute were circumvented by these omissions, the remedy lay with the General Assembly, and we therefore declined to "legislate" and impose such a penalty.

■ The General Assembly is presumed cognizant of relevant judicial precedent when it enacts legislation in a particular area. And, when a statute is amended, the judicial construction previously placed upon that statute is deemed approved by the General Assembly to the extent the provision remains

unchanged. *Rauschenberger v. Radetsky,* 745 P.2d 640 (Colo.1987).

The Workers' Compensation Act has been amended each year since *Campion* was decided. The penalty provision here has been amended and renumbered. *See* § 8–43–203, C.R.S. (1993 Cum.Supp.). Despite modifications to the penalty section not relevant here, the General Assembly has not changed the language that the "employer or if insured, his insurance carrier, as the case may be" may become liable to the claimant for the penalty. Such inaction is tacit approval of the construction placed upon § 8–53–102 by this court in *Campion.*

We therefore decline to reconsider our decision in *Campion* pursuant to claimant's arguments concerning public policy and legislative intent. Furthermore, we find nothing in the reasoning of *Wilson* which convinces us that reconsideration here is necessary.

■ Moreover, claimant has not convinced us that the phrase "as the case may be" in § 8–53–102(2) creates an ambiguity in the statutory language which mandates a different construction thereof. Claimant argues that the phrase "as the case may be" modifies both antecedents, "employer" and "if insured, his insurance carrier." He appears to argue that because the phrase modifies "employer," the statute could be read to impose liability on an insured employer, as well as an uninsured employer. We disagree.

Colo.Sess.Law 1983, ch. 79, § 8–53–102(1) provided that either an *uninsured* employer or an *insured* employer's insurance carrier was responsible for either admitting or denying liability for a claimant's injury. *See Campion v. Barta Builders, supra.*

The provisions of § 8–53–102(2) conformed with those of § 8–53–102(1) and provided that, depending on the circumstances, either an *uninsured* employer or an *insured* employer's insurance carrier would be liable to a claimant for penalties for failure to admit or deny liability. Consequently, the phrase "as the case may be" modified both antecedents, "employer" and "if insured, his insurance

carrier," as claimant argues. However, in giving this phrase its commonly accepted meaning, *see Denver v. Industrial Commission, supra,* we conclude that "as the case may be" is the equivalent of saying "depending on the circumstances." Therefore, we find no ambiguity in this phraseology.

### III.

USF & G contends that the order imposing penalties upon it for failure timely to admit or deny liability was in error. As we do not have a final order before us on the issue of the penalty to be assessed against USF & G, we dismiss the petition for review as to those issues.

The Panel concluded that the ALJ failed to enter sufficient findings of fact to permit appellate review of his determination that "there was insufficient evidence in the record to support" the argument that Beard's notice to Commercial Claims Indemnity Services, Inc., about the Wyoming workers' compensation claim should be imputed to USF & G for purposes of triggering USF & G's obligation to admit or deny liability in Colorado.

The Panel set aside that portion of the ALJ's order dealing with the imposition of penalties against USF & G for the period from May 17, 1986, through October 24, 1988, remanded for further findings and a new order on that issue, and provided for the ALJ to take additional evidence on that issue at his discretion.

■ This court has jurisdiction in workers' compensation cases only if the order to be reviewed satisfies the statutory requisites of a "final order" under §§ 8–43–301(1), and 8–43–301(2) and 8–43–307(1), C.R.S. (1993 Cum. Supp.). *CF & I Steel Corp. v. Industrial Commission,* 731 P.2d 144 (Colo.App.1986).

■ Since the Panel's order here remanded for further proceedings on the merits of the penalty issue as to USF & G, the order, as to that issue, was merely interlocutory and not ripe for appellate review. *See Oxford Chemicals, Inc. v. Richardson,* 782 P.2d 843

(Colo.App.1989); *Director of Division of Labor v. Smith,* 725 P.2d 1161 (Colo.App.1986).

Contrary to USF & G's assertion, we cannot review the correctness of the Panel's setting aside and remanding the order in question; as no order to review exists, the issue stands as if undisposed. *See Eastman Kodak Co. v. Industrial Commission,* 725 P.2d 107 (Colo.App.1986). Accordingly, USF & G's petition for review will be dismissed without prejudice as to the issues raised concerning the imposition of the penalty against it.

Because of the disposition of this case it is unnecessary to address Beard's assertion concerning collateral estoppel.

USF & G's petition for review of the orders concerning the imposition of penalties against it is dismissed without prejudice. The remaining orders of the Panel are affirmed.

JONES and RULAND, JJ., concur.