Michael B. McMANUS, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO, Oil Tools Limited, and American Home Assurance Company, Respondents.

No. 02CA0966.

Colorado Court of Appeals, Div. IV.

April 24, 2003.

As Modified on Denial of Rehearing July 31, 2003.

Certiorari Denied Jan. 12, 2004.

Killian and Guthro, P.C., J. Keith Killian, Joanna C. Jensen, James R. Angel, Grand Junction, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Senter Goldfarb & Rice, L.L.C., W. Berkeley Mann, Jr., Denver, Colorado, for Respondents Oil Tools Limited and American Home Assurance Company.

Opinion by Judge DAILEY.

In this workers' compensation proceeding, Michael B. McManus (claimant) appeals the order of the Industrial Claim Appeals Office (Panel) denying his request for two types of penalties against respondents, Oil Tools Lim-

ited (employer) and American Home Assurance Company (insurer). We affirm in part, set aside a portion of the order, and remand for further proceedings.

Claimant, a Colorado resident, suffered an industrial injury while working for employer in Algeria. The Administrative Law Judge (ALJ) found that the injury was compensable under the Colorado Workers' Compensation Act (Act) and that insurer provided employer with workers' compensation coverage.

Respondents were ordered to provide claimant with benefits due under the Act, and employer was ordered to pay a penalty for its failure timely to admit or deny liability for the injury. However, the ALJ denied claimant's request for a penalty for respondents' alleged failure to insure properly for workers' compensation. The Panel affirmed the denial of penalties for failure to insure, but set aside, as premature, the award of penalties for failure timely to admit or deny liability because disability benefits had not yet been awarded.

## I.

Claimant contends that the Panel erred in placing upon him the burden of proving employer's failure to file a notice of certain documentation about its insurance with the Division of Workers' Compensation as required by § 8–44–101(1)(b), C.R.S.2002, in order to recover penalties for failure to insure under § 8–43–408(1), C.R.S.2002. However, we need not resolve claimant's burden of proof issue because employer's failure to comply with insurance-related provisions of the Act, other than the requirement in § 8–44–101(1) to "secure" compensation, would not trigger the fifty percent penalty provision of § 8–43–408(1) in any event.

Penalties should be imposed for failure to comply with the insurance provisions of § 8–44–101(1) only if appropriate insurance is not in effect for the benefits due the injured employee. *See Anderson v. Dutch Maid Bakeries,* 106 Colo. 201, 204, 102 P.2d 740, 741 (1940). Thus, in *United States Fidelity & Guaranty, Inc. v. Kourlis,* 868 P.2d 1158, 1161–62 (Colo.App.1994)(*USF & G*), where the employer did not carry Colorado work-

ers' compensation insurance, but secured compensation for the claimant through the Wyoming workers' compensation system, the claimant was not entitled to penalties for the employer's failure to comply with the insurance provisions of the Colorado Act.

■ Claimant argues that *USF & G* is distinguishable or should not be followed because in that case coverage was available in another state. However, we agree with *USF & G*'s holding that in § 8–44–101(1), "compliance with the insurance requirements of [the Act]" requires only that the employer "secure," or obtain, the necessary coverage, and we conclude that employer's act of obtaining compensation constituted compliance with the Act. The significant factor is that coverage existed that protected the employees in *USF & G* and here.

Our conclusion is consistent with the legislative intent of the Act, which is to assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers and without the necessity of litigation. Section 8–40–102(1), C.R.S.2002.

Claimant also argues that the notice required under § 8–44–101(1)(b) helps a claimant to determine whether an employer has insurance in effect on the date of the injury, thereby furthering this intent of the Act. While we agree such notice may be helpful, we nevertheless conclude that the failure to give it does not justify a penalty. *Cf. Giddings v. Indus. Claim Appeals Office,* 39 P.3d 1211, 1214 (Colo.App.2001)(purpose of penalty is to deter misconduct, and penalties imposed for the disobedience of an ALJ's order further underlying policy of Act by allowing full compensation).

In summary, we conclude that because employer secured compensation for claimant, employer's failure to give the notice described in § 8–44–101(1)(b) is not grounds for the imposition of penalties under § 8–43–408(1). Thus, the Panel did not err in upholding the denial of penalties. Given our conclusion, we need not consider the sufficiency of claimant's evidence offered in support of this claim for penalties.

## II.

Claimant next contends that the Panel erred in vacating, as premature, the ALJ's award of penalties for employer's alleged failure to admit or deny liability for the injury. We agree.

Pursuant to § 8–43–203(1)(a), C.R.S. 2002, an employer or, if the employer is insured, the insurer, must provide notice admitting or denying liability within twenty days of the date it becomes aware of the employee's alleged disabling injury. *Pacesetter Corp. v. Collett*, 33 P.3d 1230, 1232 (Colo.App.2001). If such notice is not timely filed, the employer or insurer "may become liable to the claimant, if the claimant is successful on the claim for compensation, for up to one day's compensation for each day's failure to so notify." Section 8–43–203(2)(a), C.R.S.2002.

Generally, a claim is successful when the employer's liability for disability benefits is established. *See Eachus v. Cooper*, 738 P.2d 383, 385 (Colo.App.1986)(liability for temporary disability benefits sufficient to invoke penalty). However, there need not be a formal adjudication or award of disability benefits, and it may be sufficient that the claimant continued to receive wages during periods of disability. *See Smith v. Myron Stratton Home*, 676 P.2d 1196, 1201 (Colo.1984).

Here, while no disability benefits have been paid or awarded to claimant, the ALJ determined that claimant was disabled by his injuries for more than three days and that his injuries were compensable under the Act. Thus, the ALJ determined, in effect, that employer was at least liable for temporary disability benefits. *See* § 8–42–105(1), C.R.S.2002; *PDM Molding, Inc. v. Stanberg*, 898 P.2d 542, 545–46 (Colo.1995).

Employer's reliance on *Racon Constr. Co. v. Indus. Claim Appeals Office*, 775 P.2d 61, 62 (Colo.App.1989), for a contrary proposition is misplaced. In *Racon*, the division held that the claimant was not entitled to a penalty. However, there it was determined that the claimant was not eligible for disability benefits. *See Racon Const. Co. v. Indus. Claim Appeals Office*, *supra*, 775 P.2d at 62–63.

The division in *Racon* also linked the right to a penalty to a determination of the type and rate of disability benefits. However, the record here reflects that claimant was paid his wages throughout his period of disability. Under the holding of *Smith v. Myron Stratton Home*, *supra*, claimant was successful on his claim for compensation and thus eligible, without more, for an award of a penalty for employer's failure to admit or deny liability for the injury. To the extent that *Racon* is irreconcilable with our conclusion, we decline to follow it.

Therefore, the Panel erred in setting aside the ALJ's award of penalties as premature. The Panel should, instead, have addressed the parties' arguments relating to the propriety and amount of penalties imposed under § 8-43-203(1)(a).

The order of the Panel is affirmed as to the denial of penalties for failure to insure. The order of the Panel is set aside as to the penalties for failure to admit or deny liability, and the case is remanded for reinstatement of the ALJ's award and further consideration of that award by the Panel, consistent with the views expressed in this opinion.

Judge ROTHENBERG and Judge KAPELKE concur.